MARY LEE KIMMONS, A MINOR, BY HER NEXT FRIEND, JIM KIMMONS, *Plaintiff in Error,* v. E. V. CRAWFORD, *Defendant in Error.*

### En Banc.

### Opinion Filed August 19, 1926.

1. In determining the liability of a landlord to his tenant for injuries sustained by the latter by reason of the defective condition of the demised premises, there is a material distinction between an omission on the part of the landlord to perform a general covenant to make repairs, and the negligent performance by him of repairs actually made at attempted.

2. It is the duty of the landlord, when he attempts in fact to make repairs or improvements upon the demised premises, whether the work be done gratuitously or under a covenant to repair, to exercise reasonable care that no injury results to the occupying tenant.

3. If repairs are made to the demised premises by the landlord in a careless and negligent manner, the tenant may recover for resulting injuries, of which the negligence of the landlord in making the repair was the proximate cause, regardless of whether the landlord acted gratuitously or under a covenant to repair.

4. Where premises are leased for occupancy by the tenant and his family, the latter, when free from contributory negligence, may recover against the landlord for injuries of which the negligence of the landlord in making repairs was the proximate cause, where the tenant himself could have recovered for a like injury.

A Writ of Error to the Court of Record for Escambia County; C. M. Jones, Judge.

Judgment reversed.

*E. C. Maxwell, Philip D. Beall* and *John M. Coe,* for Plaintiff in Error;

*Watson & Pasco,* for Defendant in Error.

STRUM, J.—This cause is here on writ of error to review a final judgment for the defendant upon demurrer to plaintiff's declaration.

Plaintiff's declaration, omitting formal parts, is as follows:

"The plaintiff, Mary Lee Kimmons, who is a minor, by her next friend, Jim Kimmons, sues the defendant for that on and prior to March 25th, 1922, the defendant was the owner and in possession of the premises known as 101½ North Cevallos Street, in the City of Pensacola, Florida, and on that date and for some months prior thereto he had let or rented the said premises which are on the second floor of said building to one A. R. Kimmons for occupancy by her as a dwelling for herself and her family; that the plaintiff is the daughter of the said lessee and was living on said premises on said date with the said A. M. Kimmons as a member of her family.

"That some time prior to said date the back porch of said premises occupied by plaintiff and her family as aforesaid had become out of repair and unsafe, and the defendant as a part of the said contract of rental agreed to repair the same in such way as to make it safe for the occupancy of the said tenant and her family, and in pursuance of said agreement the defendant did have some repairs made thereto, but did so so imperfectly, inefficiently and negligently that the roof of said porch was improperly and insufficiently supported, whereby it fell and injured the plaintiff who was then on said porch as one of the occupants of said premises as aforesaid, and thereby caused her great bodily injury and mental and physical pain and suffering

and permanently disabled and injured her, to the damage of the plaintiff in the sum of Ten Thousand Dollars, wherefore, she sues.''

The defendant interposed a demurrer to the declaration and assigned the following matters of law to be argued:

''1.    Said count alleges no cause of action against the defendant on behalf of the plaintiff.

''2.    Any right of action, if any arose by reason of the happenings alleged, is in the tenant and not in the plaintiff.

''3.    The allegation of the said count of the said declaration shows no duty on the part of the defendant to the plaintiff nor any breach of any such duty.

''4.    It does not appear from the said count but that any repairs required by the defendant were in fact made.

''5.    No such matters and things are alleged as are sufficient to show any actionable negligence on the part of the defendant proximately causing the injury.

''6.    It is not sufficiently alleged that the defendant knew of any need of repairs, nor that he knew that the roof was improperly and insufficiently supported nor that the tenant did not know its condition before and after the alleged repairs.

''7.    It is not sufficiently alleged in the said count of the declaration that the tenant did not know of the defective condition and insufficient support of the roof nor is it alleged that the defendant knew it or in any manner concealed it from the tenant.''

The demurrer was sustained.    The plaintiff declining to amend, final judgment was entered for defendant, and the former took writ of error.

The defendant contends that the relation of the landlord to the tenant, as shown by the allegation of the declaration, was contractual; that responsibility for the condition of the premises, as between the landlord and tenant and those coming on the premises under the latter, rests on the tenant,

even though the landlord had covenanted to repair; and therefore that no cause of action exists in the minor child against the landlord for breach of the covenant to repair. The defendant relies largely upon King v. Cooney-Eckstein Co., 66 Fla. 246, 63 South. Rep. 659; Cooney-Eckstein Co. v. King, 69 Fla. 246, 67 South. Rep. 918, and Anderson v. Robinson, 182 Ala. 615, 62 South. Rep. 512.

The question here presented for determination, however, differs essentially from that before us in the Cooney-Eckstein cases, *supra,* as well as from that presented by Simms v. Kennedy, 74 Fla. 411, 76 South. Rep. 739. The Cooney-Eckstein cases involved the question of the liability of a lessee who was in the exclusive possession of the demised premises. It was held that, even though the lessor had covenanted to keep the premises in repair, the lessee, being the occupant and in possession and control of the premises, was *prima facie* liable to a member of the public lawfully upon the premises for injuries sustained by the latter by reason of defects or dangers in the premises that could reasonably have been avoided by appropriate care by the lessee. Referring to the contention of the lessee, the defendant in that case, that the lessor and not the lessee was liable, this court observed that this contention ignores the fact that both the lessor and lessee may be liable under certain circumstances, but that *prima facie* the liability rests primarily upon the one in actual occupancy and control of the premises.

In Simms v. Kennedy, *supra,* the plaintiff was a member of the public who sued the landlord lessor for an injury caused by the defective condition of the demised premises. This court held that a good defense was presented by a plea alleging that prior to the injury the lessor had leased the premises in question to a tenant who had been placed in exclusive possession and control at the time of the injury,

the premises being in good repair and condition when possession was delivered to the tenant, and that by the terms of the lease the tenant agreed to make all repairs of every kind to the demised building during the term of the lease. In that case it was pointed out, however, that a landlord might be liable to third persons for injuries caused by defects in the leased premises during the term of the lease when, amongst other things, he undertakes to keep or assist in keeping the premises in repair, or where his negligence or participation is a proximate cause of the injury.

It will be observed that in neither of the cases just discussed was it shown that the landlord had made or attempted to make repairs and that the negligent manner in which the repairs were made was the proximate cause of the injury.

In determining the liability of a landlord to his tenant for injuries sustained by the latter by reason of the defective condition of the demised premises, there is a material distinction between an omission on the part of the landlord to perform a general covenant to make repairs, and the negligent performance by him of repairs actually made or attempted. The former is a case of non-feasance—the failure to perform an act which should be performed. The latter is a case of misfeasance—the performance of an act in an unlawful, injurious or negligent manner. In the former case, an action may be brought by the tenant on the covenant to recover the cost of making the repairs himself, but it is frequently, though not universally, held that no action will ordinarily lie against the landlord for injuries suffered by the tenant, or members of his family, because of the defective condition of the premises resulting from the failure of the landlord to make repairs in accordance with a general covenant to keep the premises in repair, as

distinguished from a covenant to make a specific repair or to keep the premises safe, unless the injuries were caused by latent defects, known to the landlord and fraudulently concealed by him at the time of the letting. See 16 R. C. L. 1059 (580), and cases cited; also Anderson v. Robinson, 182 Ala. 615, 62 South. Rep. 512. Even in the jurisdictions where the latter rule prevails, however, it is held that when the landlord attempts to make repairs, and is negligent in doing so, the tenant may recover for resulting personal injuries. 16 R. C. L. 1046 (565); Miles v. Janvrin, 196 Mass. 431, 82 N. E. Rep. 708, 13 L. R. A. (N. S.) 378.

The Alabama case of Anderson v. Robinson, 182 Ala. 615, 62 South. Rep. 512, also relied upon by defendant, was an action based upon the landlord's failure or omission to repair under his covenant so to do,— a case of non-feasance. There was no attempted repair, negligently performed, to the injury of the plaintiff.

The declaration in this case alleges that the premises had become out of repair and unsafe, ''and the defendant as a part of the said contract of rental agreed to repair the same in such a way as to make it safe for the occupancy of the said tenant and her family, and in pursuance of said agreement the defendant did have some repairs made thereto, but did so so imperfectly, inefficiently and negligently that the roof of said porch was improperly and insufficiently supported, whereby it fell and injured the plaintiff.'' Thus it will be seen that the plaintiff bases her right to recover, not upon the landlord's failure to repair in accordance with his covenant, but upon the principles of liability for negligence, for the wrong and injury resulting to her from the landlord's negligence in carrying out the work of repair which he had in fact undertaken, a clear act of negligence or misfeasance on the part

of the landlord entirely beyond a mere breach of the covenant. The two situations involve entirely different principles of liability.

The declaration alleges a lease and an agreement to repair, but only for the purpose of establishing the status of the parties from which flowed the duty later alleged, and which it is alleged was negligently performed. The tort arising from the breach of that duty is the gravamen of the action. Wardman v. Hanlon, (D. C.) 280 Fed. Rep. 988; 26 A. L. R. 1249.

The authorities are almost unanimous that it is the duty of the landlord, when he attempts in fact to make repairs or improvements upon the demised premises, whether the work be done gratuitously or under a covenant to repair, to exercise reasonable care that no injury results to the occupying tenant. If, therefore, repairs are made by the landlord in a careless and negligent manner, the tenant may recover for resulting injuries of which the negligence of the landlord in making the repairs was the proximate cause. See Mumby v. Bowden, 25, Fla. 454, 6 South. Rep. 453; Ruff Drug Co. v. Western Iowa Co., 191 Iowa 1035, 181 N. W. Rep. 408, 15 A. L. R. 962. "A distinction exists between non-feasance and mis-feasance, between a total omission to do an act which one gratuitously promises to do and a culpable negligence in the execution of it. * * * If a party makes a gratuitous engagement and actually commences upon the execution of the business and does it amiss through the want of due care, by which damage ensues to the other party, an action will lie for this misfeasance." Gregor v. Cady, 82 Me. 131, 19 Atl. Rep. 108, citing and quoting from 2 Kent's Commentaries, 570. The rule just stated is abundantly supported by the authorities. La Brasca v. Hinchman, 81 N. J. L. 367, 79 Atl. Rep. 885;

Broame v. New Jersey Conference Camp Meeting Ass'n, 83 N. J. L. 621, 83 Atl. Rep. 901; Charney v. Cohen, 94 N. J. L. 381, 110 Atl. Rep. 698; Bergeron v. Forest, 233 Mass. 392, 124 N. E. Rep. 74; 36 C. J. 217, 218, and cases cited; 16 R. C. L. 1045 (565) and cases cited; Miles v. Jenvrin, 196 Mass. 431, 82 N. E. Rep. 708, 13 L. R. A. (N. S.) 378; Horton v. Early, 39 Okla. 99, 134 Pac. Rep. 436, 47 L. R. A. (N. S.) 314. See Notes to Walsh v. Smith, 34 L. R. A. (N. S.) 798, 806; Covington Co. v. Masonic Temple Co., 176 Ky. 729, 197 S. W. Rep. 420, L. R. A. 1918-A, 436; Fulmele v. Forrest, 4 Boyce (Del.) 155, 86 Atl. Rep. 733; Finer v. Nichols, 175 Mo. App. 525, 157 S.W. Rep. 1023; Lipschitz v. Rapaport, 133 N. Y. S. 385; Sparks v. Murray, 120 Ark. 17, 178 S. W. Rep. 909; Ruff Drug Co. v. Western Iowa Co., 191 Iowa 1035, 181 N. W. Rep. 408, 15 A. L. R. 962.

. The allegations of plaintiff's declaration in this case are sufficient to state a good cause of action on behalf of the tenant herself, had she sustained the injuries complained of. Where premises are leased for occupancy by the tenant and his family, the latter, when free from contributory negligence, may recover against the landlord for injuries of which the negligence of the landlord in making repairs was the proximate cause, where the tenant himself could have recovered for a like injury. Scohoppel v. Daly, 112 La. 201, 36 South. Rep. 322; Gill v. Middleton, 105 Mass. 477; Finer v. Nicholas, 158 Mo. App. 539, 138 S. W. Rep. 889, re-affirmed on subsequent appeal, 175 Mo. App. 525, 157 S. W. Rep. 1023; Carlon v. City Savings Bank, 82 Neb. 582, 118 N. W. Rep. 334; O'Dwyer v. O'Brien, 43 N. Y. S. 815; Wardman v. Hanlon, (D. C.) 280 Fed. Rep. 988, 26 A. L. R. 1249; Crook v. Foster, 142 Ga. 715, 83 S. E. Rep. 670; Miller v. Geeser, 193 Mo. App. 1, 180 S. W. Rep. 3;

Smith v. Wolsiefer, 119 Va. 247, 89 S. E. Rep. 115; 36 C. J. 227, and cases cited.

Judgment reversed.

BROWN, C. J., AND WHITFIELD AND BUFORD, J. J., concur.