[No. 23115. Department Two. August 25, 1931.]

MYRTLE G. VILES et al., Appellants, v. CARL O. THUNBORG, Respondent.[1]

Powell & Herman, for appellants.

McCarthy & Edge, W. E. DuPuis, and Leo F. Wilson, for respondent.

BEELER, J.—This action was brought to recover damages for personal injuries sustained by the plaintiff Myrtle C. Viles. The cause was tried to the court and jury, and resulted in a verdict in favor of the plaintiffs

[1]Reported in 2 P. (2d) 666.

in the sum of $2,500. The court, however, entered judgment for the defendant notwithstanding the verdict, on the theory that Mrs. Viles was contributorily negligent as a matter of law, barring her the right of recovery. From this judgment, the plaintiffs have appealed.

The facts essential to be stated are these: The respondent operates a hotel at Spokane, Washington. At about ten or ten-thirty in the forenoon of April 7, 1930, both appellants went to this hotel to visit a Mrs. Bray, who occupied a room on the third floor. On reaching this floor, the appellants walked in a southerly direction through and to the end of the main hallway, thence west along another hallway until they reached the end thereof, and thence south again through a short hallway and into Mrs. Bray's room.

Both of the appellants testified that an electric light, attached to the wall a few feet east of the lavatory entrance, was not burning at the time they passed through the hallway on their way to visit Mrs. Bray, and that the hallway was quite dark. They further testified, however, that in passing through this hallway they looked for numbers on various doors so as to locate Mrs. Bray's room, and that, by observing carefully and at close range, they were able to detect the numbers thereon.

At about twelve o'clock, Mrs. Viles desired to go to a lavatory. There being no lavatory in connection with the room occupied by Mrs. Bray, she inquired of her as to the location of a public lavatory, and, being informed, she left Mrs. Bray's room, stepped into the short hallway, and walked north until she reached the hallway extending east and west, thence eastward along this hallway a distance of possibly some sixty feet until she reached the ladies' lavatory, which is located on the south side of the hallway. There are

also several guest rooms on the same side of this hallway. Both the lavatory and these guest rooms have southern exposures. Glass transoms were above the doors leading into these rooms.

She testified that, as she was walking through this east and west hallway to the ladies' lavatory, the door thereof was standing ajar, and rays of light were reflected into the hallway. She also stated that the electric light near the entrance to the lavatory was not burning, and that the hallway was quite dark. Apparently, however, she had no great difficulty in locating the lavatory. She states that, as she approached and entered the lavatory, she observed that the floor was some five or six inches higher than the floor in the hallway: "I saw it and stepped up on it." Her testimony is somewhat contradictory as to the length of time she remained in the lavatory room. She fixed the period variously as being three or four minutes, or ten minutes. She admits that the hallway was substantially in the same condition with relation to visibility or light at the time she stepped from the lavatory as it was at the time she entered it. The door of the lavatory opened inwardly. On leaving the lavatory, and while stepping down into the hallway, she fell and received the injuries complained of.

Appellants' cause of action is based on the failure of the respondent to have the hallway, extending east and west, sufficiently lighted so as to enable a person to see and detect the step-off in stepping from the lavatory room into the hallway. In passing on the question whether Mrs. Viles was guilty of contributory negligence as a matter of law, we will assume that the light near the entrance to the lavatory was not burning, although there is an abundance of evidence to the contrary.

In *Watkins v. Piggly Wiggly Bird Co.*, 31 Fed. (2d)

889, it was held that it was not negligence to maintain an entrance leading into a store higher than the sidewalk, even though the screen door, solid at the bottom, concealed from a person leaving the store the fact that the sidewalk was on a lower level, and that a woman who had entered the store from the street a short time before and knew the difference in the level was barred from recovering for injuries sustained in leaving the store without noting the step. In the course of the opinion, it is said:

"This attempted avoidance of the charge of want of care on her own part is fallacious, in that it is based upon what she did not observe on entering the store and upon what she says she was not called upon to notice at that time, rather than upon what was in plain sight and what she could have observed upon opening the screen when leaving the store. Upon opening the screen at that time, if she had observed, she would have seen the step-off to the sidewalk before stepping forward. On reaching the screen door, she pushed it open and stepped forward without looking, with the inevitable result in such cases—a hard fall and bodily injury. The proximate cause of her fall and injury was her inattention, and not because the step-off was dangerous in itself or in the conditions surrounding it."

In *Hertz v. Advertiser Co.*, 201 Ala. 416, 78 South. 794, the business office of the defendant company was entered through a vestibule adjacent to and on a level with the street. A door from the vestibule opened into the office. A flight of steps led abruptly down from the door into the office. Plaintiff called at the office on business, opened the door, stepped forward, and fell down the stairs. There was evidence tending to show that it was dark inside the door and at the steps. She was injured and brought suit to recover damages. The court said:

"If the premises were properly lighted, then, of course, there was no negligence, except her own; and if they were not properly lighted, she should have been more careful in going out of the vestibule into the main office building. She had no right to assume that the floor of the office building was on the same level as the floor of the vestibule. There was a door between the two apartments, and this of itself was a warning to those entering, who were not acquainted, to ascertain whether the floor to the main building was on a level with the vestibule and sidewalk, or whether it was reached by ascending or descending steps. She is shown not to have exercised the slightest degree of care to ascertain what was beyond the door which separated the vestibule from the floor of the main office. Her own evidence shows that this door was shut, that she herself opened it, and stepped or walked right through as if the floors were on a level, and fell down the steps in consequence of her own negligence, in failing to ascertain whether or not there were steps or stairs connecting the two floors."

The testimony of Mrs. Viles is neither definite nor certain as to whether she walked "right out" from the lavatory room into the hallway, or whether she hesitated momentarily after opening the door. She first testified, "I think I had hold of the door, and when I opened the door I did not notice the step and walked right out." Later, however, she further testified:

"When I went out I opened the door, and if I remember right, the door opened into the lavatory, and *I was looking for my bearing in the hall because it seemed dark coming into the hall from the lighted room.* The next thing I knew I was on the floor, hurt."

If she "walked right out," then clearly she failed to exercise due care for her own safety, because as she entered the lavatory she was aware of the step-off. If she was "looking for her bearing," then she was cognizant of the step-off and it was incumbent upon her to exercise such care in stepping into the hallway

as not to be precipitated onto the floor. This she failed to do.

On the subject of insufficient light, in a case quite similar to the one under consideration, the court of appeals of New York, in *Weller v. Consolidated Gas Co.,* 198 N. Y. 98, 91 N. E. 216, 139 Am. St. 798, says:

"A person who knowingly approaches a step beyond which is a darkened space may not assume that such space is level and proceed without the exercise of any care to ascertain whether it is or not. If he does so, he does so at his own risk."

See, also, *Johnson v. Desmond,* 165 N. Y. Supp. 290.

In the case of *Main v. Lehman,* 294 Mo. 579, 243 S. W. 91, it was held that the proprietor of a store is not liable, because of scarcity of light, for injury to a customer while coming out of a toilet and falling over a step which she had seen and ascended when she entered and had forgotten before she came out, but which she might have seen and located on coming out had she exercised due care. It was there said:

"She had just entered through the open door, and had seen distinctly the platform and step which she says she knew she would have to descend in leaving the toilet. But, instead of pushing the door open first so she could see better, she stepped forward in the dark at the same time she opened the door, and fell, because she miscalculated the distance of the step from the door, although she had just seen it a minute and a half previously. . . . When plaintiff reached the toilet with the open door, she admits she saw with her own eyes the step in the toilet and which she knew she would have to ascend and descend. Defendant thus gave plaintiff, and plaintiff had, ample notice of the step and its location and the whole situation just a moment before the injury. . . .

"No case is cited from this or any other jurisdiction, and we have been unable to find any, where the invitee had full knowledge and information immediately before his or her injury of the step or other

obstruction complained of, in which the defendant was held guilty of negligence or liable for the plaintiff's injury.

"We think the demurrer to the evidence should have been sustained."

See, also, *Mullen v. Sensenbrenner Mercantile Co.,* 260 S. W. (Mo.) 982, 33 A. L. R. 176.

As we understand appellants' position, they make no claim that the premises were of improper construction because the floor of the lavatory was raised or elevated some five or six inches above the floor of the hallway. In passing, however, it may be observed that there was nothing inherently dangerous in having the premises so constructed.

"The presence of stairways leading either to higher or to lower stories must be expected in hallways, and we know of no reason or custom which justifies one entering a strange house in assuming that the hall will continue at the same level." *Brugher v. Buchtenkirch,* 167 N. Y. 153, 60 N. E. 420.

"It is a matter of common observation that in entering and leaving stores, halls, railway car stations and platforms, office buildings, and other buildings and places and private houses, adjoining surfaces are frequently at different levels, and the difference in level has to be overcome by one or more steps of greater or less height or by some other device. The same thing happens in the interior of buildings and structures. We cannot think that such a construction is of itself defective or negligent." *Ware v. Evangelical Baptist Benevolent & Missionary Soc., of Boston,* 181 Mass. 285, 63 N. E. 885.

The cases cited by the appellants are not to the point, and are to be distinguished. Especial emphasis is placed on the case of *Ritter v. Norman,* 71 Wash. 563, 129 Pac. 103, 43 L. R. A. (N. S.) 657. There the plaintiff was injured while descending a dark stairway without previous knowledge as to the nature or

character of its construction. Here the raised flooring of the lavatory was apparent to Mrs. Viles as she was walking along the hallway.

Other cases relied on by appellants deal with persons falling into pitfalls, or entering through misleading doors where the injured party had no previous knowledge of the defects causing the damage or injury.

Nor does she bring herself within the rule of momentary forgetfulness which absolves one from the charge of contributory negligence where the danger is not so apparent of itself as to be a reminder of its presence. Here there was no hidden danger., The fact that the lavatory floor was higher than the hallway floor was open, óbvious and apparent to her.

It is impossible to avoid the conclusion that Mrs. Viles' injuries were due to lack of due care on her part. The condition of the hallway at the entrance to the lavatory as to light was exactly the same when she left the toilet as when she entered it, with the possible exception that the rays of light may have been somewhat obstructed by her presence at or near the doorway. However, the light from the several transoms, and from the short hallway near the westerly side of the hotel, was the same.

Upon approaching and entering the lavatory, she observed that the level of the toilet was higher than the level of the adjacent hallway, and she ascended to the higher level without difficulty or mishap. A few minutes later, on leaving the lavatory through the same door and over the same step, either because of inattention, thoughtlessness, haste, or miscalculation, she fell and sustained the injuries complained of. If, as she says, the hallway was dark or poorly lighted, then it was incumbent upon her to proceed with greater caution, and wait, after she had opened the door, until she had fixed in her mind's eye the floor level of the

hallway before attempting to descend the step. Her failure to do this was the proximate cause of the injury, and bars any recovery against the respondent.

The judgment is affirmed.

BEALS, PARKER, and MILLARD, JJ., concur.

TOLMAN, C. J., concurs in the result.