ELLA M. DICKSON v. THE EMPORIUM MERCANTILE COMPANY, INC.[1]

March 8, 1935.

No. 30,255.

[1]Reported in 259 N. W. 375.

*Daggett, Redlund & Burke,* for appellant.
*Bundlie & Kelley,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from an order denying her motion for new trial after the court below had instructed a verdict for defendant.

Defendant operates a large department store in St. Paul. On June 18, 1932, at about 11 o'clock in the forenoon, plaintiff was at defendant's store and made several purchases. Having completed these, she asked one of the clerks where she might find a lavatory. Upon being informed in that respect, she promptly went thereto. The women's lavatory is at a level six and one-half inches above that of the floor of the hallway leading thereto. The hallway floor is covered with brown linoleum. The floor of the lavatory is of white tile. The door thereto operates outward, that is, from the lavatory into the hall. As plaintiff was entering the lavatory another woman entered immediately ahead of her. Plaintiff remained therein but a brief period and upon leaving, evidently forgetting that she had stepped up to enter the lavatory and claiming that she was unaware that "the step was there," stumbled and fell and thereby received the injury of which she complains and for which damages are sought in this action. The hallway and the lavatory were well lighted. There is no claim of any defect anywhere, nor is there any suggestion that the floor of either the hall or the lavatory was slippery or that any foreign substance on either floor had caused her to trip or slip. Her sole basis for recovery is that it was negligent for defendant to have the door open toward the hall instead of inwardly into the lavatory and that defendant failed to have any sign on the lavatory door or elsewhere warning plaintiff that there was a difference in the floor levels between the lavatory and the hallway.

In Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012, 1013, an almost identical situation was presented. The conclusion there reached is determinative of decision here. Plaintiff seeks

to distinguish that case from this in that there were no "distracting circumstances" in the Albachten case but that such appear here. She points this out in her brief thus:

"In the Albachten case the two hallways were open and unobstructed with the step in plain view. In our case, however, we have two floor levels separated from each other by a door. This door is flush with the step, so that anyone opening the door must necessarily follow the door outward and is immediately let down a space of six and one-half inches without any warning whatsoever or any opportunity to notice the change in levels. * * * As the conditions exist, however, a person opening this door had no opportunity to discover the step until after they had stepped out into the hallway."

We find it extremely difficult to discover plaintiff's distinction. As a matter of principle there cannot be said to be any. The mere fact that the door opened outwardly instead of inwardly cannot be said to be a "distracting circumstance." How this situation can be said to afford an opportunity to fasten liability upon defendant is not easily perceived. Defendant was not an insurer of safety. As stated in the Albachten case, 135 Minn. 382, "a shopkeeper is under legal obligation to keep and maintain his premises in reasonably safe condition for use, as to all whom he expressly or impliedly invites to enter the same." That is the general rule. 45 C. J. p. 837. The question presented is not new. We shall not encumber this opinion with a citation of the many cases bearing upon this subject. They are adequately annotated in 33 A. L. R. p. 181; 43 A. L. R. p. 866; 46 A. L. R. p. 1111, and 58 A. L. R. p. 136.

Order affirmed.