**SMITH v. VINCENT et al.**

**Civ. No. 190.**

United States District Court
S. D. Florida, Ocala Division.

June 6, 1952.

C. Farris Bryant, of Green & Bryant, Ocala, Fla., for plaintiff.

George T. Shannon, of Shackleford, Farrior, Shannon & Stallings, Tampa, Fla., for defendants Vincent.

Charles A. Savage, Ocala, Fla., for defendant Hinson.

SIMPSON, District Judge.

Statement of Facts.

This matter is before me on motions to dismiss of the respective defendants ad-

dressed to an amended complaint filed February 28, 1952. The plaintiff, an Ohio citizen, sues the defendants, all citizens of Florida, to recover damages for personal injuries alleged to have been sustained by her on July 1, 1950, while *leaving* a rest room as a customer of a restaurant on premises owned by the defendants Vincent, and leased and operated by the defendant Hinson.

The amended complaint alleges that the premises were leased to Hinson for the purpose of operating a restaurant therein on September 28, 1949, and that at the time of the lease and thereafter each of the defendants "negligently maintained in a dangerous condition the portion of said building leased aforesaid in that the floor of the ladies rest room was several inches higher than the floor of the restaurant, was painted the same color, and the step down from the rest room, though abrupt, was not marked in any way, and was hidden from persons leaving said rest room by the door which, when closed, was flush with the top of the step. Said defendants, and each of them, knew or had reason to know of said dangerous condition at all said times."

■ As to the liability of the landlord, although the amended complaint charges that both landlord and tenant negligently maintained the premises in a dangerous condition, both at the time of the letting and at the time of the injury, the dangerous condition is specified. It turns out to be a difference in floor level between the rest room and the floor outside. This is not a violation of law, not a latent defect, not a defect of construction, not inherently dangerous nor in any way unusual in numerous types of buildings. It is commonplace in building construction. No case of liability of the landlord can be made out. Simms v. Kennedy, 1917, 74 Fla. 411, 76 So. 739, L.R.A.1918C, 297; Kimmons v. Crawford, 1926, 92 Fla. 652, 109 So. 585; Hayden v. Second Nat. Bank of Allentown, 1938, 331 Pa. 29, 199 A. 218; Clark v. Chase Hotel Co., 1934, 230 Mo.App. 739,

74 S.W.2d 498; Restatement, Torts, §§ 356–362.

As to the liability of the lessee and restaurant proprietor, Hinson, it seems to me that plaintiff, in stating her case, states the clear answer to it. In proving the allegations of her complaint, she cannot fail to prove either that her own negligence was the sole proximate cause of her injury, or that her own negligence proximately contributed to causing her injury. Her case is indistinguishable in principle from Matson v. Tip-Top Grocery Co., Inc., 1942, 151 Fla. 247, 9 So.2d 366. In both instances the customer, or invitee, stumbled and fell going down a step which he (or she) ascended in safety a few moments before. In the exercise of reasonable care for her own safety she was bound to protect herself from what, if it was dangerous, was as well known to her as to the proprietor, to be dangerous. Let us suppose the proprietor had walked up and told her, as she entered the washroom, "Look out, lady, when you come out. There is a 6-inch step down." In a legal sense, would her knowledge and forewarning have been more complete? I think not.[1]

See further the cases following: Miller v. Shull, Fla., 1950, 48 So.2d 521, 3rd headnote; Sears Roebuck & Co. v. Geiger, 1936, 123 Fla. 446, 167 So. 658, at page 661, at the concurring opinion of Mr. Justice Brown; Wessner v. Blue Ridge Transp. Co., 1940, 338 Pa. 161, 12 A.2d 559; Main v. Lehman, 1922, 294 Mo. 579, 243 S.W. 91; Viles v. Thunborg, 164 Wash. 190, 2 P.2d 666; Hertz v. Adverter Co., 1918, 201 Ala. 416, 78 So. 794, L.R.A.1918F, 137; Dickson v. Emporium Mercantile Co., Inc., 1935, 193 Minn. 629, 259 N.W. 375; Cleary v. Meyer Bros., 1935, 114 N.J.L. 120, 176 A. 187; Garrett v. W. S. Butterfield Theatres, Inc., 1933, 261 Mich. 262, 246 N. W. 57.

■ In a case decided March 25, 1952 (rehearing denied May 20, 1952) Faulk v. Parrish, Fla., 58 So.2d 523, 526, Mr. Justice Mathews, speaking for the Florida Su-

---

1. Compare Earley v. Morrison Cafeteria Co. of Orlando, Fla., 61 So.2d 477.

preme Court, makes clear that Court's view that contributory negligence apparent on the face of a complaint requires dismissal thereof, in the following plain language:

"When a declaration or complaint shows on its face that the negligence of the plaintiff was the sole proximate cause of the injuries, no cause of action is stated and a demurrer should be sustained, or a motion to dismiss granted as the case may be.

"There has been some confusion with reference to contributory negligence and in order to eliminate such confusion, or doubts, which may have existed as to contributory negligence, we hold:

"(1) Where the positive allegations of a complaint, or declaration, show that the plaintiff has been guilty of negligence and that such negligence contributed proximately to the injuries, such declaration fails to state a cause of action and may be taken advantage of by the defendant. Contributory negligence is a complete bar to recovery."

■ Of course, since the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A., Federal Courts have been uniformly reluctant to dismiss under Rule 12(b) for failure to state a claim upon which relief can be granted. But no relief can be granted in either a state or federal court in a case tried under Florida law where contributory negligence is apparent upon the plaintiff's case. It is a complete bar. The true guide as to the dismissal of defective complaints under Rule 12(b) would seem to be that set forth by the Court of Appeals for the Fourth Circuit in Tahir Erk v. Glenn L. Martin Co., 116 F.2d 865, 870:

"It is our considered opinion that the motion to dismiss for insufficiency is applicable, as a general rule, only where it is clear and apparent to the court that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the specific claim. * * * In Hubbock v. Wilkenson, 1899, 1 Q.B. 86, 91 (C.A.), the court construed the equiva-

lent of a motion to dismiss under the Judicature Act of 35 & 36 Vict. c. 66 (18/3) (in which Act there is found the roots of our present motion to dismiss), and stated that such order would be proper only where ' * * * any master or judge can say at once that the statement of claim as it stands is insufficient, even if proved, to entitle the plaintiff to what he asks.'"

Leave to amend was not asked, the plaintiff indicating by her counsel that she has now stated her case in its most favorable posture. It seems clear to me that the defects pointed out cannot be supplied, but I prefer in the order to be entered to give the plaintiff leave to apply for further amendment within fifteen (15) days if she desires to do so. Copy of the proposed amendment should be filed with the motion, and the sufficiency of the further amended pleading can be explored in a hearing on the motion.