**SMITH v. VINCENT et al.**

No. 14281.

United States Court of Appeals
Fifth Circuit.

June 5, 1953.

C. Farris Bryant, Ocala, Fla., Green & Bryant, Ocala, Fla., for appellant.

G. T. Shannon, Tampa, Fla., Robert T. Jameson, Jr., and Charles A. Savage, Ocala, Fla., Shackleford, Farrior, Shannon & Stallings, Tampa, Fla., for Jessie M. Vincent, as administratrix and Agnes Vincent.

Before BORAH, RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This appeal is from a judgment below dismissing an amended complaint, without leave to further amend.

The amended complaint alleges that the owners of a building in Homosassa Springs, Florida, leased a portion of it to a tenant for the purpose of operating a restaurant therein. One of the owners, and the administratrix of the other, are made defendants, as is also the tenant. The complaint further alleges that "At the time of said lease, and for the period aforesaid, the Defendants, and each of them, negligently maintained in a dangerous condition the portion of said building leased as aforesaid in that the floor of the ladies rest room was several inches higher than the floor of the restaurant, was painted the same color, and the step down from the rest room, though abrupt, was not marked in any way, and was hidden from persons leaving said rest room by the door which, when closed, was flush with the top of the step. Said Defendants, and each of them, knew or had reason to know of said dangerous condition at all said times." It was further alleged that plaintiff, while *leaving* said rest room as a customer of said restaurant, fell and was injured.

The district judge held that since the negligent condition complained of was not a violation of law, not a latent defect, not a defect in construction, and not inherently dangerous, the lessors were not liable under Florida law. Simms v. Kennedy, 74 Fla. 411, 76 So. 739, L.R.A.1918C, 297; Kimmons v. Crawford, 109 So. 585, 92 Fla. 652; Hayden v. Second Natl. Bank of Allentown, 331 Pa. 29, 199 A. 218; Clark v. Chase Hotel Co., 230 Mo.App. 739, 74 S.W.2d 498; Re-statement of the Law of Torts, secs. 356, 362.

946

As to the lessee, the district judge held that on the face of the amended complaint, it appears that plaintiff's own negligence was the sole proximate cause, or at least a proximate contributing cause, of her injury, either of which bars recovery in Florida. As plaintiff had safely entered the toilet by stepping up to the level of the toilet floor, she was effectively on notice that she must step down again on leaving. The proximate cause of her fall was therefore her own inattention. Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366; Miller v. Shull, Fla., 48 So.2d 521, headnote 3; Sears Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658. Compare Faulk v. Parrish, Fla., 58 So.2d 523. See also Wessner v. Blue Ridge Transp. Co., 338 Pa. 161, 12 A.2d 559; Main v. Lehman, 294 Mo. 579, 243 S.W. 91; Viles v. Thunborg, 164 Wash. 190, 2 P.2d 666.

We have examined the Florida cases relied upon by the district judge, and find that they fully support his decision. Florida Coastal Theatres v. Belflower, 159 Fla. 741, 32 So.2d 738, 739, relied on by appellant, is inapposite here. In that case it was alleged that the step at the aisle end of a long row of theatre seats "was worn, slippery and defective and in an unsafe condition"; that it was "in a dark place" and that the "lighting facilities * * * were insufficient". None of these conditions is present here. Theatre operators are held to a degree of care commensurate with the dimmed lighting conditions usually prevailing there. It is here charged that the step was concealed by the door of the toilet, when the door was closed. But it also appears that plaintiff had just previously stepped up over the step, and it is not charged that there was insufficient light to enable her to safely step down again in the exercise of reasonable care. Wright v. Paramount Theatres, 5 Cir., 198 F.2d 303, also differs from this case on the facts. The plaintiff there fell and was injured while *entering* the ladies lounge. In that suit, the decision turned upon whether or not, under Louisiana law, plaintiff was entitled to have the case submitted to a jury, and it was held that she was so entitled.

Affirmed.