SWANN, Judge.
Defendants, both Florida corporations, appeal a final judgment based upon a verdict awarding plaintiffs Haywood Blood-saw and his minor son, Anthony Blood-saw, damages resulting from personal injuries to the son.
On October 9, 1961, defendants Knight Manor No. Two, Inc., and Miami Service Company, were the owner and operator, respectively, of a two-story apartment building in which the plaintiffs had rented an apartment. The plaintiff, Haywood Bloodsaw, was living there with his family and one and one-half year old son, Anthony Bloodsaw.
Immediately in front of their apartment and the other apartments on the second floor, there is a balcony or porch which runs the length of the building, and this porch was reserved and used as a common passageway by all the tenants. The door to' the apartment was equipped with two locks, an eye and hook lock at the top of the door and a latch in the door handle itself.
On the day of the accident, the eye at the top of the door was missing, the latch in the door handle was removed, and the spring which holds the door closed was broken. Haywood Bloodsaw had requested that the door be repaired.
In response to that request, an employee was sent to repair the door. The employee removed the door latch and had gone to get something needed for repairs. Anthony, the minor son, who was inside the apartment with his mother, chased a ball through the partially opened door and was injured when he fell through the second floor railing.
There was substantial evidence in the record for the jury to find that the defendants, through their agents, servants, or employees, knew of the defective condition of the door, undertook to repair the same, and carelessly and negligently left the door in a state where it could not be closed or locked, and that as a result thereof, the plaintiffs suffered injury.
The Supreme Court, in Kimmons v. Crawford, 1926, 92 Fla. 652, 109 So. 585, discussing the duty of the landlord when he attempts, in fact, to make repairs or improvements upon the demised premises, stated:
“The authorities are almost unanimous that it is the duty of the landlord, when he attempts in fact to make repairs or improvements upon the demised premises, whether the work be done gratuitously or under a covenant to repair, to exercise reasonable care that no injury results to the occupying tenant. If, therefore, repairs are made by the landlord in a careless and negligent manner, the tenant may recover for resulting injuries of which the negligence of the landlord in making the repairs was the proximate cause. (Citations omitted)”
In Easton v. Weir, Fla.App.1960, 125 So.2d 115, the Second District Court of *459 Appeal, considering the same questions presented here, noted that:
“It is equally well established that if the lessor undertakes to repair or improve the demised premises, whether he is contractually bound to do so or not, he is required to exercise reasonable care in making such improvements or repairs, and is liable for injuries caused by his negligence or that of his servants or employees in making the repairs or in leaving the premises in an unsafe condition. (Citations omitted).”
There was considerable evidence introduced concerning whether the defendants were negligent in installing or maintaining the second floor railings. It is not necessary for us to consider or decide this point, inasmuch as there was competent legal evidence for the jury to find for the plaintiffs as above set forth.
Affirmed.