915 So.2d 210 (2005)
Margaret ROSA, Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES, State of Florida and Florida Statewide Advocacy Council, Appellees.
No. 1D04-4868.
District Court of Appeal of Florida, First District.
October 26, 2005.
Rehearing Denied December 5, 2005.
Marie A. Mattox of Marie A. Mattox, P.A., Tallahassee, for Appellant.
*211 John S. Derr of John S. Derr, P.A., Tallahassee, for Appellees.
POLSTON, J.
Appellant Margaret Rosa appeals a directed verdict in favor of appellees, entered after the jury returned a verdict in Rosa's favor for $142,857 on her employment whistle-blower claim. The trial court found that Rosa's March 1999 letter did not constitute a whistle-blower complaint because it did not satisfy the requirements of section 112.3187(5), Florida Statutes (2000). Appellee argues that we should affirm this ruling because the letter is a "rant" to a supervisor over the allocation of duties and responsibilities within the department instead of a description of misfeasance or malfeasance by an employee within the department. We agree with Rosa that her letter was sufficient to make it a jury issue as to misfeasance. Therefore, we reverse and remand with directions to reinstate the jury verdict.

I.
A trial court should consider a motion for directed verdict under the following standard:
Granting a motion for directed verdict is proper only if there is no evidence upon which a jury could find, against the party for whom the verdict is directed. It is appropriate to direct a verdict for the defendant only when the evidence considered in its entirety and the reasonable inferences to be drawn therefrom fail to prove the plaintiff's case under the issues made by the pleadings. A party who moves for a directed verdict admits for the purpose of testing the motion the facts in evidence and in addition admits every reasonable and proper conclusion based thereon which is favorable to the adverse party.
White v. City of Waldo, 659 So.2d 707, 708 (Fla. 1st DCA 1995) (citations and internal quotations omitted); see also Marriott Int'l, Inc. v. Perez-Melendez, 855 So.2d 624, 628 (Fla. 5th DCA 2003) (adding that "[i]f there are conflicts in the evidence or different reasonable inferences may be drawn from it, then the issue is a factual one that should be submitted to the jury and not be decided by the trial court as a matter of law").
Our standard of review of the trial court's decision is de novo. See Philip J. Padovano, Florida Appellate Practice § 9.4 at 131(2005 ed.); Marriott Int'l, 855 So.2d at 628 (the reviewing court applies the same standard as the trial court when considering the propriety of a motion for directed verdict). Cf. Jones v. State, 790 So.2d 1194, 1196-97 (Fla. 1st DCA 2001) (en banc) (holding that an order on a motion for a judgment of acquittal is reviewed by the de novo standard because "[t]he question is whether the evidence is capable of supporting the verdict" the jury will be asked to render, and "a ruling on the sufficiency of the evidence adjudicates an issue of law").

II.
Under section 112.3187(5), to be protected, the information disclosed must include either:
(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.
(b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.
(Emphasis added).
In considering the definition of misfeasance in this section, we must use a *212 liberal construction. See Irven v. Dep't of Health & Rehab. Servs., 790 So.2d 403, 405 (Fla.2001) (holding that the Whistle-blower's Act "is remedial and should be given a liberal construction"). The Court noted in Irven that "[m]isfeasance is defined as the `improper doing of an act which a person might lawfully do; and "malfeasance" is the doing of an act which a person ought not do at all.' Black's Law Dictionary 1000 (6th ed. 1990)." Id. at 407 n. 3; see also Kimmons v. Crawford, 92 Fla. 652, 109 So. 585, 587 (1926) (defining misfeasance as "the performance of an act in a unlawful, injurious, or negligent manner"). Considering these rulings from the Florida Supreme Court, we construe "misfeasance" as including negligent acts committed by an employee of an agency.
Although we agree with appellees that the March 1999 letter could be construed as an employee "ranting" about personal conflicts with another employee, there are also different reasonable inferences that could be drawn to support Rosa's position that the letter describes another department employee acting negligently. Therefore, we agree with Rosa that the determination of these conflicting inferences is one for the jury as a factual matter. Accordingly, we reverse the trial court's directed verdict and remand with instructions to reinstate the jury's verdict.[1]
REVERSED and REMANDED with directions.
ERVIN and ALLEN, JJ., concur.
NOTES
[1] Because of our ruling, we do not reach Rosa's alternative arguments for reversal.