# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-1103

_____

JANETTE NAZZAL,

Appellant,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

April 9, 2019

WETHERELL, J.

In this Whistle-blower's Act[1] case, the trial court entered a final summary judgment in favor of the Department of Corrections because Appellant failed to establish that she made disclosures protected under the Act. We find no error in this ruling and accordingly affirm the final summary judgment.

---

[1] §§ 112.3187 – 112.31895, Fla. Stat. (2013).

## Facts

Appellant was re-hired[2] by the Department as a correctional probation officer in October 2013. She and her supervisor, Pamela McCoy, did not get along from the start, and Appellant claimed that Ms. McCoy created a "hostile work environment" by constantly harassing and demeaning her.

On January 7, 2014, Appellant submitted an Incident Report to Ms. McCoy's supervisor in which she identified three separate incidents in November and December 2013 in which she claimed that Ms. McCoy acted unprofessionally towards her. In the first incident, Ms. McCoy refused to approve a probation violation recommended by Appellant and "stammered away angrily" when Appellant tried to explain her recommendation. In the second incident, Ms. McCoy told Appellant to change another probation violation recommendation and got "agitated" when Appellant did not start working on it immediately. In the third incident, Ms. McCoy came into Appellant's office, "got in her face," and told her that she was cancelling Appellant's vacation because Appellant did not turn in her schedule on time, and then, on the way out of the office, Ms. McCoy turned off the lights leaving Appellant in the dark. The Incident Report also included a conclusory assertion that Appellant "has been subjected to disparate treatment which is in direct violation of the 1964 civil rights act[]."

Ms. McCoy also submitted an Incident Report to her supervisor documenting her interactions with Appellant. The report, which predated the Incident Report submitted by Appellant, discussed the three incidents documented by Appellant, as well as several other incidents in which Ms. McCoy had to speak to Appellant about her work product, policy violations, and complaints that Ms. McCoy received about Appellant's disrespectful and unprofessional treatment of probationers.

Appellant was fired on March 6, 2014. According to the Department official who made the decision to fire Appellant, the reasons for her firing included her "fail[ure] to complete assigned

_____

[2] Appellant previously worked for the Department from October 2003 to March 2013.

work correctly and on time" and her "lack of cooperation with her supervisor."

In December 2014, Appellant filed a complaint against the Department alleging national origin discrimination under 42 U.S.C. § 2000e, retaliation, and violation of the Whistle-blower's Act. The Department removed the case to federal court, and in March 2016, the federal court granted summary judgment in favor of the Department on the federal discrimination and retaliation claims. The court declined to exercise supplemental jurisdiction over the state Whistle-blower's Act claim and remanded that claim back to the trial court. Thereafter, the Department filed a motion for summary judgment on the Whistle-blower's Act claim and Appellant filed a response in opposition to the motion.

In February 2018, after a hearing and a review of the evidence filed in support of and in opposition to the Department's motion for summary judgment, the trial court entered a final summary judgment in favor of the Department. The court determined that (1) Appellant did not establish a prima facie case under the Whistle-blower's Act because the undisputed evidence failed to establish that she made any statutorily-protected disclosures, and (2) even if Appellant had established a prima facie case, the undisputed evidence established that the Department had legitimate reasons for firing Appellant that were not pretextual.

This appeal followed.

## Analysis

We review the final summary judgment under the de novo standard of review. *See Futch v. Walmart Stores, Inc.*, 988 So. 2d 687, 690 (Fla. 1st DCA 2008). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* In determining whether material facts are in dispute, the court must view the evidence and draw all inferences in the light most favorable to the non-moving party. *Id.*

The Whistle-blower's Act prohibits state agencies from taking retaliatory action against employees who report violations of law or disclose information alleging certain conduct on the part of an

agency, public officer, or employee. § 112.3187(4), Fla. Stat. The Act authorizes an employee who suffers an adverse employment action as a result of making a protected disclosure to file a civil action against the agency. § 112.3187(8), Fla. Stat. The Act is remedial in nature and should be given a liberal construction. *Irvin v. Dep't of Health & Rehab. Servs.*, 790 So. 2d 403, 405 (Fla. 2001)

To establish a prima facie case under the Whistle-blower's Act, the plaintiff must show that (1) prior to her termination, she made a disclosure protected by the Act; (2) she suffered an adverse employment action; and (3) some causal connection exists between the first two elements. *See Dep't of Transp. v. Fla. Comm'n on Human Relations*, 842 So. 2d 253, 255 (Fla. 1st DCA 2003). Here, it is undisputed that the second and third elements were met; the only issue is whether Appellant made a statutorily-protected disclosure.

The Whistle-blower's Act protects disclosures of:

(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.

(b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.

§ 112.3187(5), Fla. Stat.

The only disclosures at issue in this case are those contained in the Incident Report submitted by Appellant in January 2014. Those disclosures—even when viewed in the light most favorable to Appellant as required—do not show that Ms. McCoy violated any law, rule, or policy. Indeed, Appellant admitted in her deposition testimony that Ms. McCoy did not violate any law, rule,

4

or Department policy when she rejected Appellant's probation violation recommendations. Nor do the disclosures reflect any malfeasance or misfeasance, as those terms have been defined. *See Irvin*, 790 So. 2d at 407 n.3 ("Misfeasance is defined as the 'improper doing of an act which a person might lawfully do; and 'malfeasance' is the doing of an act which a person ought not to do at all.") (quoting *Black's Law Dictionary* 1000 (6th ed. 1990)). Indeed, contrary to Appellant's argument in her briefs that Ms. McCoy's conduct "bordered on assault," Appellant admitted in her deposition testimony that Ms. McCoy never raised her voice or used any inappropriate language when speaking to her.

Appellant's reliance on *Rosa v. Department of Children and Families*, 915 So. 2d 210 (Fla. 1st DCA 2010), is misplaced. That case does not, as Appellant argues in her briefs, stand for the broad proposition that any letter to a supervisor complaining about personal conflicts with another employee or the allocation of duties and responsibilities within the agency is sufficient to create a triable issue of misfeasance. Rather, the opinion merely held that the specific letter in that case was susceptible to raising a claim of misfeasance because it described an "another [agency] employee acting negligently." *Id.* at 212. Here, by contrast, the Incident Report submitted by Appellant did not allege any negligent acts by Ms. McCoy (or any other Department employee) and merely expressed Appellant's displeasure with Ms. McCoy's management style and interpersonal skills.

Finally, we have not overlooked Appellant's argument that her statement in the Incident Report that she was "subjected to disparate treatment which is in direct violation of the 1964 civil rights act[]" was a statutorily-protected disclosure. We reject this argument because Appellant did not elaborate on how (or by whom) she was treated disparately or how any such disparate treatment was based on a protected characteristic such as her national origin. Appellant did not mention her national origin in the Incident Report, and seemingly in conflict with her claim of disparate treatment, she asserted that she "is also aware of other [unprofessional] encounters with other officers that [Ms.] McCoy has had trouble with in the past." Accordingly, under these circumstances, the single conclusory statement in the Incident Report about "disparate treatment" was not sufficient to qualify as

5

a protected disclosure. *See Stanton v. Fla. Dep't of Health*, 129 So. 3d 1083, 1084 (Fla. 1st DCA 2013); *Caldwell v. Fla. Dep't of Elder Affairs,* 121 So. 3d 1062, 1064 (Fla. 1st DCA 2013).

## Conclusion

In sum, because the undisputed evidence failed to establish that Appellant made a disclosure protected under the Whistle-blower's Act, the trial court properly entered summary judgment in favor of the Department.[3]  Accordingly, we affirm the final summary judgment.

AFFIRMED.

LEWIS and WINOKUR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Marie A. Mattox of Marie A. Mattox, P.A., Tallahassee, for Appellant.

Brian C. Keri, Tallahassee, for Appellee.

---

[3]  Based on this conclusion, we need not address the trial court's alternative determination that summary judgment in favor of the Department was also warranted because the undisputed evidence showed that the Department's reasons for firing Appellant were legitimate and not pretextual.  *See* § 112.3187(10), Fla Stat. ("It shall be an affirmative defense to any action brought pursuant to this section that the adverse action was predicated upon grounds other than, and would have been taken absent, the employee's . . . exercise of rights protected by this section.").