JESSE H. MAY, Administrator, Appellant, v. O. E. HALL, Defendant, Appellee, DON H. FILSON et al., Codefendants.

No. 42852.

610

O. D. Nickle, and C. H. Van Law, for appellant.

Miller, Miller & Miller, and Boardman & Cartwright, for appellee O. E. Hall.

HAMILTON, J.—The unfortunate accident which resulted in snuffing out the sweet life of a precious little seven-year old girl, Bessie Irene May, plaintiff's intestate, occurred on the morning of September 17, 1931, about five miles north of Marshalltown, Iowa, at the intersection of Primary Highway No. 14, running north and south, and Highway No. 233, running east and west, due to a collision between the car of the defendant Hall, traveling in a northerly direction on Primary Highway No. 14, and the car owned by one Don H. Filson, which was being driven in an easterly direction on Highway No. 233 by Orville Owen, and in which car the little girl was riding as an invited guest; the collision occurring about the center of the intersection. At this point both highways were graveled. Traffic on Highway No. 14, it being an arterial highway, had the right of way over traffic coming from the west on Highway No. 233, as was indicated by a "stop" sign on Highway No. 233. The ground is practically level surrounding this intersection for several hundred feet, and there are no obstructions interfering with visibility of traffic coming from either direction.

There were several other school children in the Filson car, which the driver, Owen, had picked up along the highway on their way to school. Hall observed the Filson car when he was some two or three hundred feet from the intersection, and observed that it was traveling fast. Hall was driving at a speed of from 28 to 33 miles an hour as he approached and entered the intersection. As plaintiff's witness, he testified that he thought from the speed of the car that the driver intended to

turn south at this intersection toward Marshalltown to attend the fair then in progress. Hall was driving on the right side of Highway No. 14, where he had a right to be, and just before he entered the intersection he glanced for an instant to the right to see if there were any cars coming from the east, and, as he glanced back toward the west, he saw for the first time that the driver of the Filson car was not stopping at the "stop" sign and not turning to the right, but was proceeding directly across the intersection toward the east. At this time Hall was already in the center of the intersection proceeding north. In an attempt to avoid a collision, he stepped on the gas, but was unable to clear the intersection and avoid the collision, and the Filson car struck the left back wheel and fender of the Hall car. Hall testified that the brakes on his car were working well, and that he could have stopped before entering the intersection, but that he knew the "stop" sign was there and that the driver of the Filson car was supposed to stop, and that he did not expect him to cross the intersection, and that the first time he had any idea that he was going to continue across was after he, Hall, was in the center of the intersection, headed north. He also testified that the driver of the Filson car did not slacken his speed, but that he expected him to stop or turn south.

█ █ █ The import of Hall's testimony is, that while he knew the "stop" sign was there, and that he expected the driver to heed the "stop" sign before crossing the intersection, he thought from the speed the car was traveling that he was going to disregard the "stop" sign and turn to the right toward Marshalltown. The only other testimony bearing on this point comes from Isabel Miller, one of the school girls, riding in the front seat of the Filson car. She said that she did not see any car coming from the south on No. 14, and that Owen drove into Highway No. 14 without stopping at the stop sign. Owen was not called as a witness. At the conclusion of the testimony there was a directed verdict in favor of the defendants, and it is from this order sustaining the motion to direct a verdict that the plaintiff has appealed. While the defendant Hall was an interested witness, his testimony appears to be perfectly frank and unequivocal, and is not disputed, and, therefore, plaintiff is bound thereby.

██ There is no evidence that Hall knew the other car was loaded with school children who had been picked up along the road on their way to school. Neither is there any evidence as to the location of the schoolhouse. There is no evidence that Owen saw Hall's approach to the intersection, but it is plainly evident that Hall's car was for several hundred feet before it reached the intersection in plain view of the driver of the Filson car. The driver of neither car gave any signal or warning sign indicating any change in the course of travel. Primary Highway No. 14, which has, since this accident, been paved, was at that time one of the main arterial highways across the state, while Highway No. 233 was a short, graveled county trunk road, connecting some of the towns nearby with Primary Highway No. 14.

The suit was against the owners of both of said cars, and the driver of the Filson car, Orville Owen; the specific allegations of negligence being: (1) that Hall and Owen each and both approached and entered upon the intersection at a high and excessive rate of speed and without due care and caution; (2) failure to have such vehicles under control in entering said intersection; (3) failure to give heed to the traffic signs and warnings, and reckless and negligent disregard of said traffic signs and warnings; (4) that each of the operators of said respective motor vehicles recklessly, carelessly, and negligently drove the vehicle each was then and there driving into the intersection of said highways, thereby causing the collision and causing the death of plaintiff's decedent. By separate answer, Hall alleged that the proximate cause of the collision was the act and conduct of the defendant Owen in failing to stop the car driven by him before entering said intersection, and that but for the said negligent acts and conduct of said Owen, said accident would not have occurred. On motion, separate trial was ordered as to Hall. Judgment was entered in favor of plaintiff against Owen by agreement entered of record in open court in the amount of $3,000. The cause was dismissed as to the defendant Filson, with prejudice. Thereafter, the cause proceeded to trial to a jury against Hall.

It is the contention of appellant that in view of the situation known to Hall, and the impending danger due to the speed of the on-coming car driven by Owen toward the intersection, and notwithstanding Owen failed to observe the "stop" sign, and

notwithstanding Hall had a right to assume that Owen would comply with the law and give to Hall priority of right of way in entering the intersection, the question of Hall's alleged negligence was for the jury, and, therefore, the court erred in directing a verdict; the circumstances being such, as he claims, to present a jury question. In support of his contention he relies upon the rule announced by this court in Shuck v. Keefe, 205 Iowa 365, 369, 218 N. W. 31, 33, wherein we said:

"A traveler approaching a crossing under circumstances entitling him to the right of way may assume that a traveler upon the intersecting highway will comply with the law, and grant him the right of way, *unless, from all of the circumstances, and his observation, he is apprised to the contrary.*" (italics ours)—his specific contention being that the circumstances of the speed of the Filson car as it approached the intersection, and which was being observed by Hall as he approached the intersection, brings the case within the exception indicated by the italicized portion of the rule above quoted.

The appellee contends that under the evidence it was established that the act of Orville Owen, driver of the car in which the decedent was riding, in driving past the "stop" sign and onto the highway into the left rear corner of the car operated by the defendant, was the sole and proximate cause of the accident, and that no act on the part of the defendant Hall could be charged as negligence being the proximate cause of the accident; that Hall was operating his car on the right side of the road, where he had a right to be, toward the intersection over which he had the right of way, and operated the car at a reasonable and proper rate of speed, and that in so operating his car he had a right to assume that Owen would observe the "stop" sign and observe the right of way which Hall had over traffic from Highway No. 233, and would permit Hall to operate his car over and across the intersection in safety; and that the evidence further shows without dispute that Hall did in fact assume that Owen would either stop at the "stop" sign or turn to the south to the rear of Hall's car, and that Hall did not realize and had no reason to suspect that Owen intended to continue east across the intersection, until Hall was in the center of the intersection, at which time Hall was faced with an emergency not of his own

creation, and did the only thing possible for him to do, namely, increase the speed of the car in an attempt to avoid the collision; and that under such a state of facts plaintiff failed to establish any act of negligence on the part of Hall which could be the proximate cause of the accident.

We are unable to see in this record evidence of any act or omission on the part of defendant Hall at variance with what would have been expected of a reasonably prudent person under like or similar circumstances. Hall was proceeding north on one of the main arterial highways leading from Marshalltown at a very reasonable rate of speed. At no time was his car traveling over 33 miles per hour. Certainly he had a right to assume that traffic from the side roads would heed the ''stop'' signs before crossing directly in front of traffic proceeding along the primary arterial highway. And when the car driven by Owen approached the intersection without reducing its speed, that would indicate that he intended to swing to the right around the corner and proceed south. There was no attempt on Hall's part to race for the intersection. The evidence shows that he was at all times proceeding at a speed of from 28 to 33 miles per hour, and continued at this uniform rate of speed as he entered the intersection, and that he was in the middle of the intersection before he was apprised of the fact that Owen intended to go directly east across the intersection. He then accelerated the speed of his car to avoid the collision. At the instant Hall discovered Owen was not going to stop or turn to the south, but was going straight on east, Hall was met with an emergency not of his own making, and he did all that any reasonably prudent person could do or should be expected to do under like or similar circumstances. Wherein, then, do we find any act or omission on the part of Hall amounting to negligence?

We can see no substantial evidence upon which the jury would have been warranted in finding that the defendant Hall was guilty of negligence which could be the proximate cause of this accident, but that this unfortunate accident was due solely to the heedless and negligent act of Owen, who proceeded with a reckless indifference to traffic regulations directly into the on-moving car of the defendant Hall, as he proceeded through the intersection, at a point where he had the lawful right to proceed,

and the disastrous and lamentable results of this catastrophe must be laid to Owen's negligent conduct.

Appellee's motion to dismiss the appeal is not well taken; the appeal in this instance not being from the final judgment for costs on the directed verdict, but from the order sustaining the motion to direct a verdict, and the motion to dismiss is overruled.

The order of the lower court in sustaining the motion to direct a verdict was correct, and is affirmed.—Affirmed.

DONEGAN, C. J., and ANDERSON, MITCHELL, PARSONS, ALBERT, KINTZINGER, and RICHARDS, JJ., concur.

STIGER, J., takes no part.