Villy McDaniel, Appellant, v. Robert Stitsworth, Appellee.

No. 43924.

October 26, 1937.

James M. Stewart, Merrill B. Oransky, and H. C. Clements, for appellant.

Hallagan, Fountain, Stewart & Cless and J. H. Johnson, for appellee.

Kintzinger, J.—The collision in question occurred on highway No. 14 about 3½ miles north of Knoxville at about 2 p. m. on March 29, 1935. The roadway on which the collision occurred was a good hard surfaced graveled highway about 26 feet wide. The road at the point in question was on a six per cent upgrade

toward the north. The elevation near the top of the hill is about 23 feet higher than the elevation at the point of the collision. The record shows that the defendant's truck was headed north and standing on the east side of this highway about four feet from a heavy guard rail made of posts and steel cables, the posts being about 12 feet apart. The defendant owner of the truck had been proceeding north along the east side of this highway until he reached a point about 100 feet north of the south end of the guard rail, where his truck stopped because of a stoppage in the fuel line of his engine.

Plaintiff was riding as a guest in a truck driven by a Mr. Roush in a southerly direction on the same road. When plaintiff's truck reached a point about 360 feet northerly of defendant's truck, another automobile, known as the "Love" car, started to pass plaintiff's truck and continued south down along the center of the road for about 100 feet, where it turned back to its right or the west side of the roadway. Plaintiff contends that by reason of a curve in the roadway and by reason of the Love car passing him on the left, his view of the standing truck was obstructed. The record, however, shows that the Love car turned back to the right side of the road in front of plaintiff's truck at a curve in the roadway, about 260 feet from the point of collision. The evidence also shows that from that place the occupants of both cars had an unobstructed view of the standing truck in the highway, and likewise the occupants of the standing truck also had an unobstructed view of both cars approaching from the north.

As both the Love car and plaintiff's truck were approaching defendant's standing truck, its driver was standing on the west side of his truck waving his left arm up and down. Plaintiff contends that as a result of this action, the Love car suddenly slackened its speed and came to such a sudden stop that it was necessary for the driver of plaintiff's truck to swing to the left between the Love car and the standing truck in order to avoid a collision with either, and that in so doing plaintiff's truck collided with a guard rail post and overturned, resulting in plaintiff's injuries. The Love car came to a stop without giving plaintiff's driver in the following car any signal of his intention so to do.

At the close of plaintiff's testimony, the court sustained de-

fendant's motion for a directed verdict upon substantially the following grounds:

1. That plaintiff failed to show that defendant was guilty of any negligence which in any manner caused or contributed to plaintiff's injuries;

2. That the evidence failed to show that any act of the defendant was the proximate cause of plaintiff's injuries; and

3. That plaintiff failed to show that he was free from any negligence on his part.

This motion was sustained by the court, and plaintiff appeals.

 The first question presented is whether or not the action of the defendant in stopping his car on his right side of this 26-foot highway and within four feet of the east guard rail, in broad daylight, at a place where it could be seen by approaching cars from both directions for a distance of three or four hundred feet, constituted negligence.

According to the testimony of a civil engineer offered by plaintiff, a standing vehicle located where defendant's truck was standing could be seen by occupants of cars approaching from the north for a distance of 360 feet. The record also shows without dispute that the Love car which had passed plaintiff's truck on the hill turned back to the west or right side of the road at a point on the inside of a slight curve, about 260 feet north of defendant's standing truck.

The record shows that the view of defendant's truck to drivers approaching from the north was unobstructed for a distance of at least 349 feet. Plaintiff contends, however, that his view of defendant's truck was obstructed by the Love car passing his car on the roadway.

The Love car passed the plaintiff's truck at the point where the curve in the roadway towards the south begins. The distance from this point to the guard post at which the collision occurred is 260 feet; the distance from the curve to the guard post where defendant's truck was standing is 225 feet. Therefore, the view of defendant's truck was visible to the occupants of plaintiff's truck for a distance of at least 225 feet.

The vital question in this case, therefore, is whether or not the defendant's driver was guilty of negligence in stopping his truck on his right side of the road, in broad daylight, where it could be seen by the occupants of cars approaching from the

north for a distance of 349 feet, on a hard graveled highway 26 feet wide.

This accident happened in March, 1935, and long prior to the adoption of the present laws relating to stopping of automobiles on public highways. (47 G. A., chap. 134, sec. 379.) At the time of this collision, there was no statute in this state prohibiting motorists from stopping on a public highway. The only statute then in existence required that:

"The operator of a motor vehicle shall, before stopping * * * first see that there is sufficient space * * * and * * * give a visible or audible signal to the * * * drivers of vehicles *following*, of his intention to make such a movement, by raising and extending the hand." (Italics ours.) Code of 1935, section 5032.

A violation of this statute, however, is not involved here, because defendant's truck had already stopped, and instead of showing that its driver failed to give a signal to following vehicles, the record shows that he did signal both cars approaching from the north of the presence and location of his truck on the highway. The purpose of the former statute was to require the driver of forward cars to give following cars a signal of his purpose to stop so that the drivers of such *following* cars might gauge their speed accordingly. Isaacs v. Bruce, 218 Iowa 759, loc. cit. 764, 254 N. W. 57. In the instant case, the driver of defendant's truck had already stopped, and the physical facts show that the occupants of plaintiff's truck knew or must have known of its presence on the roadway.

At the time in question, it was the rule of law in this and other states that stopping upon an improved highway is not in and of itself an act of negligence. 42 Corpus Juris 1006; Scoville v. Clear Lake Bakery, 213 Iowa 534, 239 N. W. 110; Hanson v. Manning, 213 Iowa 625, loc. cit. 630, 239 N. W. 793; Harvey v. Knowles, etc. Co., 215 Iowa 35, 244 N. W. 660; Albrecht v. Waterloo Const. Co., 218 Iowa 1205, 257 N. W. 183; Collins v. McMullin, 225 Ill. App. 430; Morton v. Mooney, 97 Mont. 1, 33 P. (2d) 262; Geisen v. Luce, 185 Minn. 479, 242 N. W. 8.

The rule is stated in 42 Corpus Juris 1006, as follows:

"The owner of a motor vehicle has the right to stop his ve-

hicle in a street or highway; and in the absence of any governmental prohibition or restriction, to permit a motor vehicle to stand in a street or highway is not of itself illegal or negligent even though such vehicle is entirely unattended.''

The accident in question occurred in broad daylight and no question of lights is involved.

It is true that on a motion for a directed verdict, plaintiff is entitled to have the evidence considered in its most favorable light to him. If, however, the testimony and physical facts show that a defendant is not guilty of any negligence which is the proximate cause of an injury, and that none of his acts contributed thereto, then it becomes the court's duty to sustain a motion for a directed verdict. McGlade v. Waterloo, 178 Iowa 11, 156 N. W. 680; First Sav. Bank v. Edgar, 199 Iowa 1136, 199 N. W. 1011; Van Gorden v. Fort Dodge, 216 Iowa 209, 245 N. W. 736; Hittle v. Jones, 217 Iowa 598, 250 N. W. 689; May v. Hall, 221 Iowa 609, 266 N. W. 297; Reid v. Brooke, 221 Iowa 808, 266 N. W. 477.

In Hittle v. Jones, 217 Iowa 598, loc. cit. 602, 250 N. W. 689, 692, this court said:

''When the evidence, physical facts, and surrounding circumstances warrant it, the district court may direct a verdict for the defendant * * *: Van Gorden v. Fort Dodge, 216 Iowa 209, 245 N. W. 736.''

The record in this case shows conclusively that the defendant's truck was stopped on its right side of the traveled portion of a 26-foot highway, and that defendant's driver saw the two cars approaching from the north, one of which was passing the other.

We are constrained to hold that the mere stopping of defendant's truck upon the right side of a 26-foot graveled roadway and within four feet of a guard rail does not in and of itself constitute negligence.

Appellant contends, however, that the stopping of the truck on the highway, when considered in connection with the action of defendant's driver in giving signals to the approaching cars, was sufficient to warrant the driver of the Love car to interpret such signals as a request to stop; and that because he stopped his car suddenly and without warning the following car of his

intention so to do, the defendant's driver was negligent in stopping and giving the signals, because it resulted in the sudden stopping of the Love car without affording the driver of plaintiff's truck an opportunity to avoid striking either the standing truck or the Love car. Appellant, therefore, contends that the acts of defendant driver in stopping *his car* and *giving signals* referred to were sufficient to constitute negligence on the part of defendant.

The record fails to show, however, that the defendant driver was in any manner responsible for the method of the stop made by the driver of the Love car. There were no other cars on the highway in front of the cars approaching from the north which would prevent plaintiff's truck or the Love car from coming to a stop without endangering each other. This is not a case where defendant had placed himself or his truck directly in the path of the approaching cars so that it would be necessary to stop immediately in order to avoid a collision. We know of no law that would prevent any person on the highway from summoning or stopping another car approaching on the highway under the circumstances shown in this case.

■■■ If the signals given by the defendant's driver could be interpreted as a signal to stop, the driver of defendant's truck had a right to assume that the driver of the Love car would use ordinary care in so doing, and thereby comply with the statutory requisites of warning following cars of his intention to stop. The driver of the Love car knew that plaintiff's truck was following from the rear because he had just passed it on the roadway. Neither the driver of defendant's truck nor the driver of plaintiff's truck was required to anticipate any negligence on the part of the driver of the Love car in failing to observe his statutory duty in giving a signal to the following car of his intention to stop. Dickeson v. Lzicar, 208 Iowa 275, 225 N. W. 406; Jelsma v. English, 210 Iowa 1065, 231 N. W. 304; Muirhead v. Challis, 213 Iowa 1108, 240 N. W. 912; Wheeler v. Peterson, 213 Iowa 1239, 240 N. W. 683.

■■■ The signal given, as shown by the record in this case, was the extension of the left arm and a movement up and down. It cannot be said that such a signal necessarily meant that it was a summons for either of the approaching cars to stop immediately. On the contrary, they might well be interpreted as a precautionary warning of the presence and position of defendant's

truck on the highway and advising them that defendant's truck was stopped on the roadway.

We are constrained to hold that neither the stopping of defendant's truck on the highway nor the giving of the signal complained of constituted any negligence for which defendant is liable in this case. Such was the finding of the lower court in its ruling on the motion for a directed verdict. We think the lower court was right and without error therein.

As the foundation of plaintiff's case is based upon proof of negligence on the part of the defendant, and as plaintiff has failed to establish such negligence, it is unnecessary to consider other questions raised.

For the reasons hereinabove expressed, the judgment of the lower court is hereby affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, DONEGAN, PARSONS, RICHARDS, STIGER, and SAGER, JJ., concur.