HILDA LEPLEY, ADMINISTRATRIX, APPELLANT, V. NELLIE VON DORN ET AL., APPELLEES.

297 N. W. 642

FILED APRIL 25, 1941. No. 31022.

*Brown, Fitch & West,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

SIMMONS, C. J.

This is an action for personal injuries resulting from a fall when leaving a bathroom, common to several tenants. The trial court directed a verdict for defendants. Plaintiff appeals.

Defendants are the owners of an apartment house. One part is so constructed that the entrances to three apartments and a bath, common to the three apartments, are from a

hallway, lighted only by artificial light when all doors are closed. The light in the hallway was situated in the ceiling, some three or four feet from the bathroom door, and is described as a 15 to 25 watt lamp, inclosed by an opaque glass ornament. This light was kept burning continuously. The floor, woodwork, and walls were dark in color. The elevation of the floor of the bathroom was some six and one-half inches higher than that of the hall. The riser and outer edge of the sill of the bathroom door were immediately under the bathroom door when closed. The door of the bathroom opened inward. The bathroom floor and sill were of white material and the bathroom was painted white. It was lighted by a 50 watt bulb, so placed that it was necessary to fully enter the bathroom to turn it on and to be in the bathroom to turn it off. A sign was on the inside of the bathroom door requesting the tenants to turn off the light when not in use.

Some ten days before the accident in question, one Earl Nelson became a tenant of the defendants in one of the three apartments opening from this hallway. He used the common bathroom. His mother, Mrs. Johnson, visited him, for the first time in the apartment, on the day of the accident from which this action arises. After dinner, she expressed a desire to use the bathroom. The son walked down the hall with her, entered the bathroom, turned on the light, told his mother to "step up," which she did and entered the bathroom. The son stepped out, the door was closed and the son returned to his apartment. A few moments later she called the son. She was found, by another tenant and the son, sitting on the floor in front of the bathroom door, one leg under her. The bathroom light was out and the door was partly open. The other tenant reached her first and she told that tenant that "when she came out of the bathroom she forgot that she stepped up when she went in and she said coming out into the hall it was a little dark and she didn't see the step and she fell." Mrs. Johnson was severely injured in the fall and some days later died from pulmonary embolism.

Plaintiff administratrix seeks to recover damages on the theory that it was defendants' duty to keep the premises sufficiently lighted to enable people using the same to see and comprehend dangers by the use of ordinary care and that defendants were negligent in not having the hallway sufficiently lighted and in failing to give a warning of danger. Plaintiff's contention is that one coming out of the dark bathroom, into a dimly lighted hallway, could not tell from the appearance of the bathroom and hall floors that a step was there.

The construction of a bathroom with an elevated floor is common in homes, hotels, apartment houses, and public places. Lighting arrangements such as were in the hall and bathroom are in common use. Mr. Nelson made no complaint about them at the time he rented the premises and the evidence indicates that he accepted and used the premises without objection. Obviously he was conscious of no danger from either the construction of the premises or the light, for he gave his mother no warning of danger or need of care. No inherent danger is shown either in the construction of the bathroom floor or the lighting of the hallway.

It is obvious that no affirmative act of the defendants caused Mrs. Johnson to fall. What was the proximate cause of the accident?

This situation is presented. A woman, her eyes adjusted to the bright light of the bathroom, turned out that light and opened the door into the hall where the light was less brilliant than it had been in the bathroom. Knowing that the step was there, but forgetting about it, she stepped from the dark bathroom into the hall and fell, to her injury. Whether she slipped on the sill, lost her balance as a result of the lower elevation of the hall floor, or just what happened is left to speculation and conjecture. Obviously Mrs. Johnson, at the moment before she stepped into the hallway, had three courses open to her,—she could wait until her eyes became adjusted to the light before proceeding; she could have turned on the bathroom light, which,

when the door was open, clearly lighted the hall, and determined the nature of the hallway; and she could proceed, forgetful of the step, into what the plaintiff contends was a dark hall and a dangerous situation. She apparently took the last course. The conclusion is inescapable that Mrs. Johnson's own act was the proximate cause of the accident.

In a somewhat similar situation in *Wentink v. Traphagen,* 138 Neb. 41, 291 N. W. 884, we reviewed the holdings of this court dealing with the subject of actionable negligence, proximate cause, and contributory negligence. The holdings there made are applicable here.

The court in *Viles v. Thunborg,* 164 Wash. 190, 2 Pac. (2d) 666, reviews several decisions of a comparable nature. We quote the last part of that opinion: "If, as she says, the hallway was dark or poorly lighted, then it was incumbent upon her to proceed with greater caution and wait, after she had opened the door, until she had fixed in her mind's eye the floor level of the hallway before attempting to descend the step. Her failure to do this was the proximate cause of the injury, and bars any recovery." See, also, *Wessner v. Blue Ridge Transportation Co.,* 338 Pa. St. 161, 12 Atl. (2d) 559; *Main v. Lehman,* 294 Mo. 579, 243 S. W. 91.

The judgment of the trial court is

AFFIRMED.