JAY MARVIN PERRY, appellant, v. MRS. DORIS EBLEN and CHARLES BLAZEK, SR., as coadministrators of estate of Charles Blazek, Jr., appellees.

No. 49702.

(Reported in 98 N.W.2d 832)

OCTOBER 20, 1959.

Killmar & Reynoldson, of Osceola, and Arnold O. Kenyon, of Creston, for appellant.

Thos. E. Mullin and Donald D. Mullin, both of Creston, and E. W. Mullin, of Corning, for appellees.

THORNTON, J.—On August 6, 1956, about 4 p.m., a collision occurred at an intersection of two farm-to-market roads in Adams County between a 1954 Ford automobile owned and driven by plaintiff and a 1950 GMC pickup truck owned and driven by defendants' decedent. Plaintiff was driving east on a rock road intersected by a then dirt road under construction on which decedent was allegedly traveling south. Decedent and his wife riding with him both lost their lives in the accident. Decedent's small son (of kindergarten age at the trial), plaintiff and his passenger, Donald Crill, were all severely injured in the accident. The pictures of the vehicles introduced in evidence are mute testimony of the force of the impact and the speed of one or both of the vehicles. The jury returned a verdict for defendants and plaintiff appeals.

Plaintiff complains that he should be granted a new trial under the broad powers of the court because he did not receive a fair trial in that the verdict failed to administer substantial

justice, it was influenced by passion and prejudice under the circumstances shown in the record including misconduct of counsel, it was not sustained by sufficient evidence and was contrary to law, the jury did not understand the instructions, and the verdict was in disregard of the instructions. Plaintiff also complains of the giving and refusal to give certain instructions and improper impeachment and cross-examination.

1. The first proposition is best set forth in Burke v. Reiter, 241 Iowa 807, 42 N.W.2d 907, and Jourdan v. Reed, 1 (Clarke) Iowa 135. These cases require us to examine the evidence to determine whether the verdict for the defendants has substantial support. We find substantial support. Plaintiff contends there is no support in the evidence for the verdict and it is in conflict with the great weight of the evidence. Our evidentiary situation is as follows: Plaintiff and his passenger, Crill, were so severely injured they lost their memories as to the happenings immediately before the collision until about one week before the trial when they partially remembered. There are no other eyewitnesses, decedent and his wife are dead and their small son remembered nothing. We are therefore limited to the incomplete testimony of plaintiff and Crill and circumstantial evidence. There is no question of the sufficiency of the evidence to generate a jury question.

An examination of the evidence shows there is substantial evidence upon which to base a finding of contributory negligence and that negligence of decedent, if any, was not the proximate cause of the collision. The physical facts show plaintiff was coming up a hill as he approached the intersection, the hill together with a cornfield cut off his vision to the north until he reached a point 126 feet west of the center of the intersection at which point he could see a car 112 feet north of the center of the intersection. Each intersecting road was 66 feet between the fences and the traveled portion 24 feet wide. Plaintiff testified he was going 45–50 m.p.h. at the intersection, but on cross-examination he admitted he had recently regained his memory and his testimony as to speed was a matter of deduction. He looked to the south and there was no traffic. He looked left (north) as he was "just coming into it." On cross-examination he said, "I don't know for sure where I was

from the center of the intersection when I saw this pickup truck. I suppose it was 50 or 75 feet, something like that." Crill testified he did not look north and plaintiff said, " 'They are going to hit us.' " Both testified there was no vehicle in the intersection ahead of them.

Plaintiff was familiar with the intersection. He traveled the road every week. The exhibits showing the car and the pickup show speed on at least one and probably both vehicles. The point of collision was not definitely established. Two of plaintiff's witnesses testified to glass and debris almost directly in the center of the intersection to the southeast corner. There was other testimony that there was no glass or debris in the intersection but in the southeast ditch where the vehicles came to rest. There were no skid marks in the intersection. The pickup was on its side in the southeast ditch 41 feet 10 inches from the center of the intersection, plaintiff's car 66 feet 7 inches. The damage to the vehicles showed the right front of the pickup from the door to the front and the left side of the car near the door post could be found to be the point of contact on the vehicles. On cross-examination a highway patrolman called by plaintiff testified, "* * * The damage was done to the right side of the pickup from the door up to the front and the bumper on the right-hand side wasn't shoved back as though it was a head-on collision. * * *."

Under the circumstances above outlined plaintiff could be found by a jury not to have been traveling at a reasonable and proper rate as he traversed the intersection. The same is true as to having his car under control. If the testimony of plaintiff and Crill were disbelieved, which the jury had a perfect right to do, Soreide v. Vilas & Co., 247 Iowa 1139, 1148, 78 N.W.2d 41, 47, the circumstantial evidence could be taken by the jury as affirmative proof of speed and lack of control. Clearly there was substantial evidence from which the jury was entitled to find plaintiff failed to keep a proper lookout. Assuming the facts most favorable to plaintiff, which he is not entitled to in this examination, he came up a hill with a cornfield on his left at 45-50 m.p.h., 66 feet per second, looked to his left when he was 75 feet from the center of the intersection when he could see 50 feet before that and he had time to only

cry out, "They are going to hit us." This is true even though he had the right to assume the driver on his left would grant him the right of way until he knew to the contrary. The jury could find here that he failed to look at a point where he would have had an opportunity to make a determination to the contrary. Also, the jury could find decedent's pickup was in the intersection making a left turn ahead of the plaintiff, the lack of skid marks, and testimony of glass and debris in the center of the intersection, together with the exhibits, are as consistent with this theory as any other.

■ The degree of proof in a case resting on circumstantial evidence is, the evidence must be such as to make the theory of causation reasonably probable, not merely possible, and more probable than any other theory based on such evidence. It is not necessary the testimony be so clear as to exclude every other possible theory. Soreide v. Vilas & Co., supra, and citations therein. This means only the evidence must be such as to raise a jury question within the limits of the foregoing rule; it need not be conclusive. Hackman v. Beckwith, 245 Iowa 791, 64 N.W.2d 275. There is substantial evidence in support of the verdict, the evidence does not bring the plaintiff within the above cited Burke and Jourdan cases. In Jourdan v. Reed, supra, at page 141 of 1 (Clarke) Iowa, this court said, "If we could see in this evidence anything that could, by any fair construction, sustain this verdict, we should not disturb the judgment."

■ Plaintiff complains of the presence of decedent's orphaned son in the courtroom and the halls during one day of the trial. This is without merit. The trial was public and the boy has as much right to attend one day as any relative, friend or member of the general public.

■ Complaint is made of misconduct on the part of counsel for defendants for attempting to place in evidence the watches worn by decedent and his deceased wife at the time of the accident. They were evidently trying to establish an earlier time of accident than claimed by plaintiff. The trial court promptly excluded the watches when it became evident that no proper foundation could be laid. The jury was excluded before the offer was made. No prejudice or misconduct is present here.

Further complaint is made of misconduct of counsel in argument. At the time both the court and reporter were out of the courtroom working on instructions. Both were immediately available. Plaintiff made such record as he wished but the record does not show that he then objected on the grounds of misconduct or then or at the close of the argument asked for a mistrial on such grounds. We have held you cannot gamble on the verdict and raise such matter for the first time on the motion for a new trial. Mongar v. Barnard, 248 Iowa 899, 907, 82 N.W.2d 765, 771, and Hackaday v. Brackelsburg, 248 Iowa 1346, 1352, 85 N.W.2d 514, 518. However, this is in no way to be taken as an approval of the statements made by defense counsel.

Plaintiff next complains of the court's overruling his objection to defendants' Exhibit No. 23. Defendants offered in evidence Exhibits Nos. 20 and 23. Objection was made because the exhibits neither added to nor subtracted from the exhibits already in evidence and they showed the dead body of decedent trapped under the pickup and that it was an attempt to inflame and prejudice the jury. Exhibit No. 20 was a close-up view and the court excluded it. Exhibit No. 23 is a long-range view showing not only the pickup and a portion of the deceased, but also the intersection and the road to the north. Upon ruling the court stated Exhibit No. 23 was the best picture of the intersection that had been offered. Our examination of the exhibits certified to us shows this statement to be justified. Plaintiff contends this exhibit is not within the rule announced in State v. Triplett, 248 Iowa 339, 350, 79 N.W.2d 391, 397. If there is a just reason for permitting the exhibit to be introduced, the incidental fact it is gruesome and might tend to influence the emotions does not make its admission erroneous. Here the trial court in the exercise of his discretion excluded one he felt had no proper purpose and admitted the exhibit that would be helpful to the jury for the view of the intersection. At the time of the offer of these exhibits ruling was reserved by the court and he did not announce his ruling until it was apparent plaintiff was not going to offer a better view of the intersection and had started offering exhibits relative to damages. Reception of

1346

exhibits in evidence is within the sound legal discretion of the trial court.

II. Plaintiff contends the giving of Instructions Nos. 10 and 12 and the refusal to give plaintiff's Requested Instructions Nos. 1, 2, 3, 4 and 10 was error. He claims in effect he was entitled to a directed verdict on the issues of negligence and contributory negligence and only the question of damages should have been submitted to the jury. We will mention first plaintiff's Requested Instruction No. 10. Such provided it was the duty of decedent to bring his pickup to a full stop before entering the intersection. This argument is based on section 321.322, Code of Iowa, 1954, requiring drivers to stop in obedience to stop signs and section 321.345 giving local authorities power to designate stop intersections and erect stop signs. There was evidence that there was a stop sign at the northwest corner of the intersection stopping southbound traffic but the same had been removed some two or three months before by the construction company working on the road. However, we need make no determination based on such facts. Plaintiff did not plead failure to stop as a specification of negligence and no issue is raised. Plaintiff did specify lookout, control, speed, and failure to yield the right of way to plaintiff approaching on the right when there was danger of collision. Since plaintiff tendered the issues by alleging specific acts of negligence he cannot depart from them. The court is only warranted in submitting the issues pleaded and supported by the evidence. Stewart v. Hilton, 247 Iowa 988, 992, 77 N.W.2d 637, 640; Olson v. Truax, 250 Iowa 1040, 1051, 97 N.W.2d 900, 907; Luther v. Jones, 220 Iowa 95, 101, 261 N.W. 817, 820; Bauer v. Reavell, 219 Iowa 1212, 1219, 260 N.W. 39, 43; and McCoy v. Wabash Ry. Co., 210 Iowa 1075, 1081, 231 N.W. 353, 356.

Complaint is made that Instruction No. 10 as given allowed the jury to speculate as to whether decedent approached the intersection from the north and whether he was on a collision course. The instruction reads in part:

"If you find * * * that the pickup * * * was approaching the intersection where the collision occurred from the north at such a time and in such a manner that its path would intersect with the path of plaintiff's vehicle, approaching from the west,

then it was the duty of the driver of the Blazek pickup to slow down, or to stop, if need be, and to yield the right-of-way to the plaintiff."

Actually this instruction assumes the pickup was coming from the north and that plaintiff was coming from the west. The question presented here was the time and manner so the paths of the vehicles would intersect.

A similar complaint is directed against Instruction No. 12, which reads in part:

"The additional duty rested upon the driver of the Blazek pickup, if he approached from plaintiff's left, to yield the right-of-way to plaintiff, as more fully explained in other instructions."

The complaint is not well taken, this instruction contained five paragraphs, the above sentence is a part of one, and the instruction pointed out the duties of each driver on approaching an intersection as to speed, control and yielding the right of way. From reading the entire instruction the jury would not have taken the interpretation claimed by plaintiff.

Further complaint is made of the following portion of Instruction No. 12:

"The defendants have alleged affirmatively that the plaintiff was guilty of contributory negligence because he failed to observe the standard of care prescribed by the statute, in that he did not have his vehicle under control and did not reduce his speed to a reasonable and proper rate when approaching and traversing the intersection involved."

Actually the defendants did affirmatively allege high and excessive speed on the part of plaintiff and plaintiff's damage and injury, if any, were proximately caused by plaintiff's negligence. In stating the issues the court so told the jury. That defendants did so plead as stated in Instruction No. 12 is inaccurate to the extent pointed out. However, the defendants contended for the same on the trial. Defendants' Requested Instructions Nos. 1, 2 and 3 ask instructions on contributory negligence as to speed, control and lookout. The burden was on plaintiff to prove his freedom from any act of contributory negligence, and the duty of the court to instruct on any such act fairly appearing from the evidence both on applicable stat-

utes and common-law duties. Our examination of the evidence in Division I discloses the evidence required instructions on control, speed and lookout.

Plaintiff's requests for Instructions Nos. 1, 2, 3 and 4 ask for a directed verdict on the direction of the vehicles, decedent's duty to yield the right of way, that he was guilty of negligence as a matter of law in failing to yield and that plaintiff had no duty to look to the left. The instructions as given more accurately state the law applicable to the evidence in this case. Plaintiff's requests for Instructions Nos. 5 and 6 were properly refused. They do not fully state the applicable law and Instructions Nos. 8 and 11 do so more fully. Under our right-of-way statute, section 321.319 as modified by section 321.288, the driver approaching on the right when the paths will intersect and there is danger of collision has the right to assume the driver on the left will grant the right of way, but he has the duty to have his car under control and to travel at a reasonable and proper rate. And in addition thereto he is not exonerated from his common-law duty of keeping a proper lookout. We have held that a driver on the right who does not look is not guilty of contributory negligence as a matter of law. This does not mean that he is free from contributory negligence as a matter of law. It is a jury question. Hutchins v. LaBarre, 242 Iowa 515, 528, 47 N.W.2d 269, 276, and cases therein cited.

Instructions should be read and considered as a whole. So reading the instructions given here plaintiff was not prejudiced under the pleadings and evidence presented. We have examined with care the authorities cited by plaintiff that he was entitled to instructions as a matter of law but we do not find they sustain his position. In the following cases cited by plaintiff the holding was not in favor of the party having the burden of proof: Grover v. Neibauer, 216 Iowa 631, 247 N.W. 298; Jakeway v. Allen, 227 Iowa 1182, 290 N.W. 507; May v. Hall, 221 Iowa 609, 266 N.W. 297; Dedman v. McKinley, 238 Iowa 886, 29 N.W.2d 337; and Taylor v. Kral, 238 Iowa 1018, 29 N.W.2d 241. In the last cited case plaintiff was riding on the outside of a railroad car. The jury returned a verdict for him. Defendants complained he was guilty of negligence as a matter of law. At page 1023 of 238 Iowa and page 244 of 29 N.W.2d

we said, "* * * we do not see where appellee [plaintiff] could be held negligent as a matter of law. We hold that the question * * * was for the jury and under proper instructions." Schwartz v. Helsell, 243 Iowa 95, 50 N.W.2d 573, cited by plaintiff, was affirmed by operation of law by equal division of this court. The holding of the writer of the affirming opinion was only that plaintiff did not carry the burden of proving her freedom from contributory negligence. The fact situation in Winter v. Davis, 217 Iowa 424, 430, 251 N.W. 770, is entirely different from the situation presented here. In Vickery v. Armstead, 190 Iowa 803, 180 N.W. 893, a verdict was directed for plaintiff, having the burden of proof, on the issues of negligence and contributory negligence. An examination of the facts in the case shows defendant actually raised no question as to the happening of the accident, but denied he was involved. Plaintiff's testimony, and evidence of at least one witness other than herself, was clear, definite and fully accounted for the details of the accident. As set out in Division I, in this case plaintiff's direct evidence was very sketchy. It was necessary to rely on circumstantial evidence and the inferences to be drawn therefrom were not conclusive in favor of plaintiff. Here the plaintiff had the burden of proof.

It is a rare case in which one having the burden carries it to the degree of establishing his case as a matter of law. This is particularly true in intersection accident cases.

III. Plaintiff further complains of improper impeachment of his witness Crill. The method used was improper but it goes only to the proper order of testimony. After plaintiff's case was closed a defense witness was asked about a conversation with Crill while in the hospital bearing on the speed of the car in which he was riding without previously asking Crill concerning the conversation. Crill should have been examined on this matter first to give him the opportunity to affirm or deny. However, he was called back and denied the matters testified to. No prejudice to plaintiff appears here. This evidence was competent though introduced out of order. Esterly & Son v. Eppelsheimer, 73 Iowa 260, 34 N.W. 846.

The cross-examination of plaintiff's rebuttal witness, Alvin Leach, concerning matters allegedly to test his memory,

is also complained of. Nothing prejudicial to the witness was shown until plaintiff went into the matter on redirect examination, if in fact any prejudice or matter affecting his memory or credibility was then shown. No error appears here. The witness merely testified on rebuttal to the speed of plaintiff's vehicle some three miles from the collision. If all of his testimony had been discredited it would have little or no bearing on the facts connected with the collision.—Affirmed.

All JUSTICES concur.