SHAHOOD, J.
This is an appeal by the School Board of Broward County from a final judgment entered in favor of Trintec Construction, Inc. and its surety, Great American Insurance Company. The judgment was entered pursuant to a jury verdict. Trintec cross-appeals from an order granting the School Board summary judgment on liquidated damages as to Cresthaven, one of the elementary schools on which Trintec performed construction in this case. We affirm the appeal and cross-appeal as to all issues raised. We write to address two issues raised on appeal.
The first issue we address is whether the trial court erred in sustaining Trintec’s peremptory challenge to Thelma Harper, an African-American female, during jury selection.
The School Board argues that Trintec’s peremptory jury strike of Ms. Harper was racially discriminatory because Trintec did not seek to challenge a white juror who also works for the government. Trintec contends that the trial court conducted a thorough Melbourne[1] analysis and properly sustained its peremptory challenge of Ms. Harper. Trintec claims there were genuine differences between Ms. Harper and other prospective jurors who worked for government entities but were not challenged.
“[T]he appropriate standard for appellate review for determining the threshold question of whether there is a likelihood of racial discrimination in the use of peremptory challenges is the abuse of discretion standard.” Files v. State, 613 So.2d 1301, 1304 (Fla.1992). We note at the outset that “peremptor[y challenges] are presumed to be exercised in a nondiscriminatory manner.... [T]he trial court’s decision [regarding peremptory challenges] turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous.” Melbourne, 679 So.2d at 764-65.
The School Board argues that the trial court misapplied Melbourne in the present case. In Melbourne, the supreme court set out the procedure courts should follow in dealing with allegedly racially-motivated peremptory challenges. The procedure was first announced by the supreme court in State v. Neil, 457 So.2d 481 (Fla.1984). Under this procedure, parties who believe their opponent is using peremptory challenges in a racially discriminatory fashion must timely object on that basis, demonstrating on the record that *658 the challenged person is a member of a distinct racial group. The trial court then asks the striking party to come forward with its reason for. the strike. The striking party must provide a race-neutral reason. If the striking party provides a facially race-neutral explanation for the strike, and the court believes that, given the circumstances, the reason is not pre-textual, the strike will be sustained. The court’s focus with regards to the explanation given is not on the explanation’s reasonableness, but on its genuineness. Melbourne, 679 So.2d at 764.
The School Board argues that Trintee failed to offer a race-neutral explanation for why it challenged Ms. Harper. This characterization of the facts is incorrect in light of the requirements of Melbourne. Melbourne requires that the striking party offer a facially race-neutral explanation for its exercise of the peremptory strike. Trintee satisfied this requirement when it stated that its reason for striking Ms. Harper was that she works for a public body. Neil and Melbourne do not require the striking party to initially provide a race-neutral explanation for why it struck one proposed juror who was a member of a distinct racial group, and did not strike another proposed juror who is not a member of the racial group but to whom the striking party’s explanation equally applies. That consideration is a factor for the court to consider in the third step of the inquiry when it decides whether the striking party’s race-neutral explanation is pretextual. The School Board’s argument is, therefore, with the trial court’s implied finding that Trintec’s explanation for striking Ms. Harper was genuine and not pretextual.
The School Board focuses on a white prospective juror named Barbara Blenkle, a legal secretary for the State Attorney’s Office in Broward County. The School Board points out that Trintec’s facially race-neutral explanation, government employment, was equally applicable to Ms. Blenkle and to other white prospective jurors who were not challenged. Trintee argues that it exercised its peremptory challenge on the basis of genuine race-neutral differences between Ms. Harper and the other jurors who were governmental employees that were not challenged.
In addition to stating that Ms. Harper is employed by a public body, Trintec’s counsel reminded the court that Ms. Harper had stated that her position was similar to a superintendent of schools. Trintee claimed that the fact Ms. Harper’s position is similar to a superintendent of schools provided the reason for its challenge. Trintee points to the voir dire of Ms. Harper to further explain this point:
[MR. ELDER:] Ms. Harper, you are a program manager at the prison system, did I get that right?
[MS. HARPER:] Yes.
[MR. ELDER:] What programs?
[MS. HARPER:] Education programs including vocational and wellness.
[MR. ELDER:] When you say you are the program manager in education, help me out here.
[MS. HARPER:] It is akin to a superintendent because I oversee 14 different prisons within our state in the program section. So it is comparable to a superintendent of schools. The wardens are the principals and so forth.
So I do have to make sure that they are, first of all, hiring staff, make sure their credentials in line [sic] same as any other public school system. I plan programs, develop new programs if need be, find what the needs are for the inmates and try to accommodate those along with the rehabilitation area.
(Emphasis added).
In this case, it was not an abuse of discretion for the trial court to accept as *659 genuine Trintec’s race-neutral explanation for striking Ms. Harper. Although Trintec failed to challenge white prospective jurors who were public employees, Trintec offered a race-neutral difference specific to Ms. Harper’s position as the reason it exercised the challenge on her. Ms. Harper’s position as coordinator of education programs was certainly relevant since Trintec sued a county school board. Whereas reasonable men could differ on whether Ms. Harper might hold bias in favor of educational establishments as a result of her position, the genuineness of Trintec’s race-neutral explanation, and not its reasonableness, is the trial court’s concern under Melbourne. We agree with the trial court and affirm as to this issue.
The second issue we discuss is whether the trial court erred in denying appellant’s multiple motions for summary judgment and motion for directed verdict.
The School Board’s Project Architect was Joseph Masullo. The vice president of Trintec was Juan Romero. The parties’ contract required Trintec to submit a Change Order Request (COR) any time it intended to perform work it believed was not within the scope of the contract. Ma-sullo rejected Trintec’s CORs, claiming the work was within the scope of the contract. Trintec’s claim sought compensation for construction work done on the project for which it had submitted CORs to Masullo. In opposition to the School Board’s motions for summary judgment and directed verdict, Trintec filed affidavits from Romero which disputed exactly what work was contemplated and agreed to in the contract.
“Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.... If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it.” Everett Painting Co. v. Padula & Wadsworth Constr., Inc., 856 So.2d 1059, 1061 (Fla. 4th DCA 2003).
It is proper to grant a motion for directed verdict only if there is no evidence upon which a jury could find against the party for whom the verdict is directed. For the purposes of a motion for directed verdict, the party who moves for directed verdict admits the facts in evidence and every reasonable and proper conclusion therefrom which is favorable to the adverse party. See Rosa v. Dep’t of Children & Families, 915 So.2d 210, 211 (Fla. 1st DCA 2005).
The affidavits created a material question of fact that warranted determination of the issues by a jury. We, therefore, affirm the trial court on this issue.

Affirmed.

STEVENSON, C.J., and MAY, J„ concur.

. Melbourne v. State, 679 So.2d 759 (Fla. 1996).