DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARVIN HARRIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4741

[May 27, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry Cohen, Judge; L.T. Case No. 502011CF012984AXXXMB.

Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

The appellant, Marvin Harris, was charged with attempted first degree murder with a deadly weapon, carjacking with a deadly weapon, robbery with a deadly weapon, fleeing or attempting to elude (high speed reckless), grand theft of a motor vehicle, and resisting an officer without violence. He was acquitted on the most serious charges but was convicted on three felonies and one misdemeanor. Had he been found guilty as charged, Harris would have faced life imprisonment. Having been found guilty of the less serious crimes, he was sentenced to 9.5 years. On appeal, Harris contends that the trial court erred in overruling his objection to the state's peremptory challenge to an African-American venireperson because the state failed to provide a genuine, race-neutral reason for the strike. We find no abuse of discretion and, on the contrary, find the required on-the-record analysis performed by the trial judge to be quite cogent. We therefore affirm.

The alleged victim (and essentially, state's key witness) had himself

been previously convicted of eight felonies.[1]  Harris's defense strategy included self-defense and the theory that the *victim* was engaging or preparing to engage in felonious activity at the time of the alleged crime. Both Harris and the victim gave vastly divergent scenarios as to the events that transpired on the day that led to a charge of attempted murder.

As framed by the state and defense, the jury was ultimately going to be left to decide if Harris was:  (1) himself, the actual victim and was acting lawfully within his right of self-defense or, as charged, (2) the perpetrator of a heinous act of attempted murder.  Thus, the trial's all-important credibility dynamic was all the more pronounced and vital to each side.

During voir dire, defense counsel asked the subject prospective juror if she believed "that a person who has been charged with a felony in the past is more likely to commit a crime in the future," and she responded affirmatively.  The state ultimately exercised a peremptory challenge against her and defense counsel requested a race-neutral reason.  The state responded by citing the prospective juror's pre-conceived notion as to her "once a criminal; always a criminal supposition."  The trial court overruled the defense objection to the state's peremptory challenge.

The appropriate standard of appellate review for determining whether there is a likelihood of racial discrimination in the use of peremptory challenges is abuse of discretion.  *Sch. Bd. of Broward Cnty, Fla. v. Trintec Constr., Inc.*, 936 So. 2d 655, 657 (Fla. 4th DCA 2006).  "[T]he trial court's decision turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous."  *Melbourne v. State*, 679 So. 2d 759, 764-65 (Fla. 1996) (footnote omitted).

In *Melbourne*, the Florida Supreme Court set forth the steps for analysis when a party objects to the use of a peremptory challenge on the basis that it was racially discriminatory:

> A party objecting to the other side's use of a peremptory challenge on racial grounds must:  a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike.  If these initial requirements are met (step 1), the court must ask the

---

[1] At the time of the incident and at the time of his testimony, the victim was interestingly still on federal probation.

2

proponent of the strike to explain the reason for the strike.

At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.

*Id.* at 764 (footnotes omitted). "Relevant circumstances may include—but are not limited to—the following: the racial make-up of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged juror; or singling the juror out for special treatment." *Id.* at 764 n.8.

In the proceedings below, the trial court properly applied the requisite *Melbourne* analysis. After defense counsel objected and requested the court to elicit from the state a race-neutral reason for the peremptory strike, the court inquired as follows:

THE COURT: Okay. So I have to do it this way. I just need first a facially neutral reason from the state, just facially neutral.

THE STATE: Your Honor, she said that "if you commit a felony in the past you're likely to commit a felony in the future." Our victim is a convicted felon.

THE COURT: Okay. That is a facially neutral reason, so I need to next consider the genuineness. My recollection under the case law is that I have to look at [the *Melbourne*] factors and any others that the lawyers want me to. The . . . first is was she singled out for special type of questioning? She was not. Did a person give an equal . . . equally -- an equal answer that wasn't struck? The answer is no. The [third] is whether there were -- whether there were prior strikes of

3

> the same category?  And I don't know, did the state strike -- it's an objective now -- did the state strike other African-American women?

THE STATE:  No, Your Honor.

THE COURT:  . . . Based on that it would appear objectively that there's no reason to find the strike not to be genuine.  But I would entertain any argument by the defense.

Defense counsel then argued that he asked that question to protect his client, and that one other African-American woman was stricken, which the trial court noted for the record.  The trial court then continued its analysis, reasoning that such a concern applied equally to the state:

THE COURT:  [W]e don't know if the defendant will actually testify or not.  But even if he does, while that may be a concern to the defense, it's likewise a concern to the state.  So on an objective analysis, it would appear that it's facially neutral and [] applying the *Melbourne* criteria, it would appear that it would pass the test of genuineness based on the criteria in the case law.

. . . [T]he Court overrules the objection, and permits the state's strike.

The state's race neutral reason for striking the potential African-American juror was her explicit statement that she believed that a person who committed a felony in the past was more likely to commit a felony in the future.  This was clearly a legitimate, race-neutral reason for the strike because the victim had been previously convicted of eight felonies, and in Harris's version of the events, Harris was not engaged in criminal activity and instead was simply defending himself while the *victim* was engaging in felonious activity.  Accordingly, the reason for the peremptory strike was both facially race-neutral and genuine, as it was directly relevant to the credibility of the victim—again, the state's key witness in its prosecution of Harris.

"Peremptory challenges 'are presumed to be exercised in a

4

nondiscriminatory manner.'" *Hoskins v. State*, 965 So. 2d 1, 7 (Fla. 2007) (quoting *Jones v. State*, 923 So. 2d 486, 490 (Fla. 2006)). "[T]he appropriate standard for appellate review for determining the threshold question of whether there is a likelihood of racial discrimination in the use of peremptory challenges is the abuse of discretion standard." *Id.* (quoting *Files v. State*, 613 So. 2d 1301, 1304 (Fla. 2006)). Moreover, "the trial court is in the best position to assess the genuineness of the reason advanced, and the decision will be affirmed unless clearly erroneous." *Nowell v. State*, 998 So. 2d 597, 602 (Fla. 2008); *Melbourne*, 679 So. 2d at 764-65 (stating that the trial court's decision turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous).

Furthermore, in determining whether a reason is genuine, we also stated in *Young v. State*, 744 So. 2d 1077 (Fla. 4th DCA 1999):

> A trial court must analyze a subjective issue – whether a proffered explanation for a challenge is a pretext, which means that it conceals an intent to discriminate based on race. As the supreme court recognized, identifying the true nature of an attorney's motive behind a peremptory strike turns primarily on an assessment of the attorney's credibility. In our legal system, *credibility is a matter solely within the purview of a finder of fact.* For this reason, a trial judge's ruling on the "genuineness" of a peremptory challenge "will be affirmed on appeal unless clearly erroneous."

*Id.* at 1082 (emphasis added) (internal citations omitted).

Based on our review of the record including, most importantly, the trial court's on-the-record analysis, we affirm.

*Affirmed.*

STEVENSON and KLINGENSMITH, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**